J. PATRICK HOLMES v. THE STATE.

No. 8350.    Delivered February 28, 1925.

1.—Aggravated Assault—Accomplice—Child May Be—Not Submitted—Held Error.

Where in a prosecution for an aggravated assault alleged to have been committed by appellant upon a boy ten or eleven years of age, by indecent familiarity and conduct with said boy, it was error for the court to fail to

submit the issue of the boy being an accomplice, no remonstrance nor resistance on his part being shown.

**2.—Same—Accomplice—A Child May Be—Issue for Jury.**

It is not a sound proposition of law, that a child between the ages of nine and thirteen years, is ipso facto unable to be an accomplice. Boys and girls ten, eleven and twelve years of age are quite capable of criminal acts, and may be shown to have full knowledge, and understanding of the criminality of various acts denominated crimes. The better rule would be for the court, when in doubt as to whether a boy or girl involved was an accomplice, to sub mit the issue to the jury. For the failure to do so in this cause, the judg. ment is reversed, and the cause remanded.

Appeal from the County Court of Maverick County. Tried below before the Hon. Wm. Bonnett, Judge.

Appeal from a conviction of an aggravated assault; punishment two years in the county jail, and a fine of $1,000.00.

The opinion states the case.

No brief filed for appellant.

*David E. Hume, Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the county court of Maverick county of an aggravated assault, and his punishment fixed at two years in the county jail and a fine of $1,000.00.

We discuss but one question raised on appeal. Appellant was charged with an assault upon a boy eleven years old, the substance of the charge being that the accused was guilty of such indecent familiarity and conduct with said boy as to amount to an aggravated assault. The details of the indictment are not necessary to set out. The boy testified that he went to appellant's room upon the latter's request and found him in his under clothes. He also says appellant removed witness' clothes from him, placed him on a bed and got on him and moved up and down, remaining in this position for a little while, and that when he concluded there was a soiled place on the boy's limbs. There is no question in our minds under these facts but that, if legally established, the case charged would be made out. The boy was ten or eleven years old, a member of the church, an attendant regularly at Sunday school, in the sixth grade in the public schools, well trained and showed himself to be fully conscious of the difference between right and wrong. He said he did not tell anyone of the occurrence because he was ashamed. No resistance on the part of the boy is evidenced by the record. No remonstrance on his part appears except that at some time during the conduct of appellant, the boy testified that he said to appellant, "Cut it out."

We have been given much trouble in determining whether or not this makes such a case as to call upon the trial court to submit

the law of accomplice testimony. The holdings of our own court on the proposition of fact here involved are meager and somewhat confusing. The holdings of other courts of last resort do not seem to us to be satisfactory. We are not in accord with the proposition that in the absence of statutory pronouncement, the court should arbitrarily say that a child between the ages of nine and thirteen years was *ipso facto* unable to be an accomplice. From our reasoning and observation it would seem that an inference in the opposite direction would be more nearly correct. Boys and girls, ten, eleven and twelve years old are quite capable of embarking in criminal enterprises and might be shown to have full knowledge and full understanding of the criminality of various acts denominated crimes. Our own opinion is that the better rule would be that each case should be determined by its own facts, and that when in doubt as to whether the boy or girl involved was an accomplice, that is, one who voluntarily participates with knowledge and intent in the criminal act,—the better rule would be for the court trying the case to submit the issue to the jury. Such we believe to be the course which should have governed the trial court in the instant case. The court below was asked by special charges to inform the jury that the boy was an accomplice, and also asked to submit to them the question by special charge as to whether they believed him to be an accomplice under the facts. All these charges the learned trial judge refused to give. In our opinion in refusing to submit the question as to whether the boy was an accomplice to the jury for their determination, the learned trial judge fell into error for which the case should be reversed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*