## DOREECE HEAD V. THE STATE.

No. 22954. Delivered November 15, 1944.

The opinion states the case.

*J. E. Winfree,* of Houston, for appellant.

*A. C. Winborn,* District Attorney, and *E. T. Branch,* Assistant District Attorney, both of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is a conviction for sodomy under the provisions of Article 524, P. C., as amended by Chapter 112, Acts of the Regular Session of the Forty-eighth Legislature, in 1943; the punishment, eight years in the penitentiary.

Appellant's guilt was shown by the testimony of two boys. One, who was the prosecuting witness named in the indictment, was eleven years of age; the other boy, eight years of age. Appellant objected to the testimony of said witnesses claiming they were incompetent to testify, in that, under the terms of the Juvenile Delinquency Act—being Chap. 204, Acts of the Regular Session of the Forty-eighth Legislature in 1943 and appear-

ing as Art. 2338-1, Vernon's Annotated Civil Statutes—they could not be convicted of the crime of perjury in this State and, therefore, oaths and affirmations taken by them would not be subject to the pains and penalties of perjury, as required by Art. 1, sec. 5, of the Constitution of this State. This is the sole question presented for review.

Since the Juvenile Delinquency Act does not apply to an eight-year-old boy, the objection to the testimony of that witness was properly overruled for that reason.

The question as to the competency of the eleven-year-old boy to testify as a witness in the case is properly before us.

The exact question here presented was before this Court and was decided adversely to appellant's contention, in Santillian v. State, No. 22,773, not yet reported (page 554 of this volume). In that case, we held that the Juvenile Delinquency Act, in so far as it provided that children within the meaning thereof could not be convicted of the crime of perjury in this State, or operated as a repeal of Art. 30, P. C., was in violation of the due process and equal protection clauses of our State and Federal Constitutions, in that—under the provisions of Art. 1, sec. 5, of our State Constitution— such child would be precluded from testifying in the courts of this State in any cause or action. Freasier v. State, 84 S. W. 360.

Appellant insists, as was insisted in the Santillian case, that our holding is in conflict with that of the Supreme Court of this State in the case of Dendy v. Wilson, 179 S. W. (2d) 269, in which the validity of the Juvenile Delinquency Act was sustained.

The Supreme Court's jurisdiction being limited to civil cases, it follows that the interpretation to be given Dendy v. Wilson is that the Juvenile Delinquency Act was adjudicated to be, and approved as, a valid civil statute and cases arising thereunder were civil, as distinguished from criminal; otherwise, that court would not have entertained jurisdiction of the appeal in that case. Note is also to be taken of the fact that the crime of perjury was not involved in Dendy v. Wilson.

It appears, therefore, that the question as to whether or not an eleven-year old boy might now be convicted of the crime of perjury in this State was not necessarily decided by the Supreme Court in that case. However, if Dendy v. Wilson be construed

as holding that an eleven-year-old boy cannot now be convicted of the crime of perjury in this State and that the Juvenile Delinquency Act so provides, then, and in that event, our holding is in conflict therewith, for we cannot agree—for the reasons assigned—that the Legislature of this State had the power and authority to so provide by law.

The use sought to be made of the Juvenile Delinquency Act, in the instant case, was to prevent an eleven-year-old from testifying as a witness in the trial of a criminal case where he was the injured party. If he could not testify as a witness in this case, he could not testify in any case. If unable, because of his age to testify as a witness, such a boy would be deprived of the right to go into the courts of this State and, by his testimony, proclaim, protect, and defend his rights under law. This right of equal protection and due process as guaranteed to him by constitutional mandates would thus be withheld and taken from him.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.