## Phillip Slusser v. State.

No. 24542. December 21, 1949.
On Motion to Reinstate Appeal February 8, 1950.
State's Motion for Rehearing Granted June 24, 1950.
Appellant's Motion for Rehearing Denied (Without Written
Opinion) October 11, 1950.

*Murphy & Smith,* by *Earl W. Smith,* and *Clifton Tupper,* San Angelo, for appellant.

*Martelle McDonald,* District Attorney, Odessa; *Elton Gilliland,* District Attorney, Big Spring; *George T. Thomas,* Special Prosecutor, Big Spring; and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The record in this case fails to show that the appellant was sentenced. Having no final judgment in the case, this court is without jurisdiction to consider it.

The appeal is dismissed.

### ON MOTION FOR REHEARING.

WOODLEY, Judge.

The appeal having been reinstated, the opinion reversing the judgment of the trial court and ordering the prosecution dismissed is withdrawn, and the following substituted therefor.

Appellant was convicted of the offense of sodomy under the provisions of Art. 524, Vernon's Ann. P.C., the indictment charging the offense under that portion of the article which provides that whoever "shall voluntarily permit the use of his

own sexual parts in a lewd or lascivious manner by any minor, shall be guilty of sodomy."

Appellant assigns as reversible error:

(1) The overruling of his motion to quash the indictment, the grounds being that the allegations thereof are:

(a) vague and indefinite;

(b) fail to allege the manner and means used by appellant;

(c) are but conclusions, and are duplicitous.

(2) The insufficiency of the evidence.

(3) The court's refusal to charge that the minor witness was an accomplice as a matter of law.

Prior to the amendment of Art. 524, P.C., by Acts of the 48th Leg., Ch. 112, the crime of sodomy was not defined, except as "the abominable and detestable crime against nature."

A punishment was provided by the statute for any person who committed such crime of sodomy "with mankind or beast."

In construing such statute, resort was had to the elements of the offense of sodomy at common law, and convictions under the statute were upheld where the facts alleged and proved constituted sodomy at common law. See Cross v. State, 17 Tex. App. 476; Ex Parte Bergen, 14 Tex. App. 52.

On the other hand acts of lust, though including the element of carnal copulation, were held insufficient to constitute the offense, unless such acts constituted sodomy as known to the common law. See Prindle v. State, 31 Tex. Cr. R. 551, 21 S.W. 360; Mitchell v. State, 49 Tex. Cr. R. 535, 95 S.W. 500; Harvey v. State, 55 Tex. Cr. R. 199, 115 S.W. 1193; Munoz v. State, 103 Tex. Cr. R. 439, 281 S.W. 857.

Upon the taking effect of the amendment (Art. 524, Vernon's Ann. P.C.), the offense of sodomy was for the first time fully defined by statute, the elements of the offense including, in addition to the elements of sodomy as known to the common law, other acts of carnal copulation and declaring any person "who shall voluntarily permit the use of his own sexual parts in a lewd or lascivious manner by any minor," to be likewise guilty of sodomy.

The latter provision departs entirely from the definition and essential elements of sodomy at common law "carnal copulation" not being an absolute requirement.

The legislature had the authority to declare the doing of certain acts to constitute the offense of sodomy, and to ignore, if they saw fit, the common law elements of the offense. See Wharton's Criminal Law, Vol. 1, Sec. 758, citing State v. Vicknair (La.), 28 So. 273.

The name given to an offense by the legislature does not alter its constituent elements.

In order to ascertain what is an offense, we do not look to its name, but to the act or omission forbidden in the language of the statute.

The legislature had the authority to give to the forbidden acts such name or names as it deemed proper, or to omit to name the offense altogether. See Hardin v. State, 39 Tex. Cr. R. 426, 46 S.W. 803.

The words "lewd" and "lascivious" are not defined in the statutes and must therefore be given their ordinary meaning to be arrived at in part by a determination of the legislative intent in the use of the words in the particular statute.

As so determined, the term "lewd or lascivious manner" means in a vulgar manner inciting sexual desire or appetite, and connotes lust, indecency, and sexual indulgence. The words "lewd" and "lascivious" are similar in meaning and signify that form of immorality which has relation to sexual impurity. See Words and Phrases, Vol. 24, p. 257; Swearingen v. U. S., 40 L. Ed. 765, 161 U. S. 446.

We hold that the statute, as amended, is valid and that a violation of the provision with which we are here dealing constitutes guilt of the new offense now named sodomy.

A requirement of the statute is that an indictment charging a person with a felony must set forth the offense in plain and intelligible words. See Art. 396, C.C.P.

The indictment here follows closely the language of the statute.

Such allegations sufficiently charge the essential act of appellant in voluntarily permitting the use of his own sexual parts by the minor, with the purpose that the minor use such parts in a vile and vulgar manner inciting sexual desire or appetite.

A more detailed description of the manner of use of such private parts by the minor would require the state to allege its evidence in detail and such detail is not required in order to protect appellant's rights in pleading a conviction herein as former jeopardy, in the event of a future charge growing out of the same transaction, or in preparing his defense against the charge in the indictment.

For a conviction, the state relies alone upon the testimony of the ten-year old boy.

Appellant contends that the undisputed facts show the boy to be an accomplice, and therefore, in the absence of any corroboration the evidence is insufficient to sustain the conviction.

The court submitted to the jury as an issue of fact the question of whether or not the boy was an accomplice, and instructed the jury to acquit appellant unless they found beyond a reasonable doubt that he was not an accomplice.

The record shows without dispute that the ten-year old boy willingly took part in and consented to the indecent acts of appellant.

The court took cognizance of the uniform holdings of this court that one so consenting and acting is an accomplice under the law, and his testimony must therefore be corroborated. See Medis v. State, 27 Tex. App. 194, 11 S.W. 112.

But the charge clearly reveals that the court was of the opinion that an exception to such rule exists in the case of a young boy between the age of nine and thirteen years, by reason of the provisions of Art. 30, P.C.

This article remains in effect and was not repealed by the Acts of the 48th Legislature known as the Juvenile Act (Art. 2338-1, Vernon's Ann. Civ. St.). See Dearing v. State; 151 Tex. Cr. R. 6, 204 S.W. 2d 983; Santillian v. State, 147 Tex. Cr. R. 554, 182 S. W. 2d 812; Head v. State, 147 Tex. Cr. R. 594, 183 S.W. 2d 570.

Article 30, P.C., provides that no child between such ages is criminally responsible for any offense committed unless it shall appear that such child "had discretion sufficient to understand the nature and illegality of the act."

In appellant's trial, the jury was instructed that unless they found beyond a reasonable doubt that the boy was within such age limits, and did not have discretion sufficient to understand the nature and illegality of the act charged, he was an accomplice witness.

In support of such submission the state calls attention to the opinion of this court in Holmes v. State, 99 Tex. Cr. R. 270, 269 S.W. 95, and a companion case of the same style, Holmes v. State, 99 Tex. Cr. R. 298, 269 S.W. 96.

In the first of the Holmes cases, the ten or eleven-year old boy offered no resistance to the assault upon him, and the case was reversed for refusal of the court to submit to the jury the question as to whether the boy was an accomplice.

We quote from the opinion as follows:

"We have been given much trouble in determining whether or not this makes such a case as to call upon the trial court to submit the law of accomplice testimony. The holdings of our own court on the proposition of fact here involved are meager and somewhat confusing. The holdings of other courts of last resort do not seem to us to be satisfactory. We are not in accord with the proposition that in the absence of statutory pronouncement, the court should arbitrarily say that a child between the ages of nine and thirteen years was ipso facto unable to be an accomplice. From our reasoning and observation it would seem that an inference in the opposite direction would be more nearly correct. Boys and girls ten, eleven and twelve years old are quite capable of embarking in criminal enterprises and might be shown to have full knowledge and full understanding of the criminality of various acts denominated crime. Our own opinion is that the better rule would be that each case should be determined by its own facts, and that when in doubt as to whether the boy or girl involved was an accomplice, that is, one who voluntarily participates with knowledge and intent in the criminal act,—the better rule would be for the court trying the case to submit the issue to the jury. Such we believe to be the course which should have governed the trial court in the instant case. * * * In our opinion, in refusing to submit the question as to whether the boy was an accomplice to the jury for their

determination, the learned trial judge fell into error for which the case should be reversed."

In the second Holmes case, the boy witness was eleven years of age at the time of the aggravated assault upon him, and the question before the court was the refusal of the court to charge the jury that the boy witness was an accomplice, as well as the refusal to submit the question to the jury.

The court held that the evidence did not establish or raise the issue that the boy agreed to or participated with similar intent in what was done to him by the accused, and for such reason there was no error in refusing the charges as to accomplice .testimony.

In the course of the opinion, however, the court said:

"We pretermit discussion of the interesting question as to whether a boy between nine and thirteen years of age should be regarded as a victim or an accomplice, believing it to be too dangerous to lay down any hard and fast rule based on age, in the absence of statutory provision. Children of the tender age referred to may be shown possessed of capacity and knowledge, placing them clearly in the list of those who by knowledge and intent are criminals or accomplices as the case may be."

It is thus seen that in the Holmes cases, one was reversed for failure to submit to the jury for its determination, the facts relative to the witness' participation with knowledge and intent in the criminal act so as to constitute him an accomplice, and the other was affirmed, there being no fact issue upon which to base such a charge.

In Compton v. State, 130 Tex. Cr. R. 14, 90 S.W. 2d 1093, two daughters of the accused ten and twelve years of age respectively, were held to be accomplices as a matter of law, their testimony, according to the opinion, revealing a full comprehension of guilt of their father in stealing a cow, and there being no testimony contradictory thereof.

In Gallager v. State, 131 Tex. Cr. R. 254, 97 S.W. 2d 954, a child whose age is not disclosed, and who admitted that he willingly joined in the acts of the accused "and who had placed himself clearly within the law governing accomplice witnesses" was held to be an accomplice as a matter of law.

In Hinson v. State, 152 Tex. Cr. R. 159, 211 S.W. 2d 750,

"a small boy" whose age is not revealed in the opinion, was held to be an accomplice "under his statement of what occurred."

To our minds none of the cases cited are necessarily in conflict with the Holmes cases, which decisions guided the court in appellant's trial.

We conceive the correct rule to be that as to a child witness:

(1) Each case must be considered upon its own facts in determining whether the witness is to be considered a victim of the unlawful act of another or as a participant therein, and therefore an accomplice.

(2) If inferences are to be indulged, the correct inference would be that a child over nine and under thirteen years of age possesses sufficient discretion and knowledge to be an accomplice.

(3) If, from the evidence, a question is raised as to whether the child between the age of nine and thirteen years voluntarily participated in the criminal act, or as to whether such child, so participating, is possessed of sufficient discretion to know the act to be criminal, and to have the necessary criminal intent, such issue or issues should be submitted to the jury in order that the jury may, by resolving such issue, determine whether the witness is to be considered an accomplice witness.

(4) If the record as a whole shows that the child witness has such discretion, and voluntarily participated in the unlawful act, then the testimony of the witness should be dealt with as that of an accomplice witness.

The boy here testified that he was ten years old, and in the fourth grade. He testified to the repulsive perverted acts of appellant toward him which need not be described other than by saying that they constituted a violation of the act now defined to be and constitute sodomy.

According to the boy's testimony, he did not know that he was violating a law; appellant didn't tell him it was wrong, and he thought what he was doing was right, and "was used to it and just started doing it," and there was no evidence offered by appellant to the contrary.

We are constrained to hold that such evidence, together with the entire testimony of the boy, was sufficient to support a **finding** by the jury that for want of sufficient discretion to under-

stand the nature and illegality of the act charged against appellant, his conduct in participating in the act and consenting thereto did not constitute him an accomplice.

And under the facts, we hold that the trial court was justified in submitting such issue to the jury.

The jury's verdict fixed appellant's punishment at 15 years confinement in the penitentiary.

But the judgment states the punishment to be "not less than 2 nor more than 15 years."

The judgment will be reformed in this regard so as to conform to the verdict and to adjudge that appellant be confined in the penitentiary for 15 years.

And so reformed, the state's motion for rehearing is granted and the judgment is affirmed.

Opinion approved by the court.