Gregorio Y. AYALA, Appellant,

v.

The STATE of Texas, Appellee.

No. 39644.

Court of Criminal Appeals of Texas.

May 25, 1966.

No attorney of record on appeal.

Sam L. Jones, Jr., Dist. Atty., John R. Haas, Asst. Dist. Atty., Corpus Christi, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

McDONALD, Presiding Judge.

The offense is fondling the sexual parts of a child; the punishment, 15 years confinement in the Texas Department of Corrections.

The testimony of the prosecuting witness, Joey Villareal, reveals that he was eight years old at the time of the offense and was proceeding home from school when he was accosted by appellant in a vacant lot. In the words of the little boy, "The man tol' me if I would keep quiet, not fight, he would give me 50¢." Appellant thereupon removed the boy's trousers and underpants, and unzipped his own trousers, after which he touched the complainant on his penis more than one time with his (appellant's) hand, and also touched the boy on the back "where you sit down" with his (appellant's) penis. The complainant testified that "I was on the ground first and he, he went close to me," and that appellant hurt him. Upon being released, the little boy fled, crying, with a fifty cent piece clutched in his hand.

Mrs. Maria Molina, a resident of the neighborhood, witnessed part of the transaction and testified that "he was holding him from behind like he was pushing him," and "I heard him cursing him."

Appellant was identified at the trial by the witness Molina and by the prosecuting witness.

We overrule appellant's contention, found in his motions for instructed verdict and new trial, that the state failed to prove that the fondling was done with "lascivious intent", as alleged in the indictment. The disrobing of the child, the handling of the child's sexual parts "more than once," appellant's misuse of his own sexual organ, and the payment made to the boy could only lead to the conclusion that the offense was committed with lascicious sexual gratification as its object. See Slusser v. State, 155 Tex.Cr.R. 160, 232 S.W.2d 727.

We find the evidence sufficient to sustain the verdict; the record reveals no reversible error; accordingly, the judgment is affirmed.