Aubrey Eugene **KOMURKE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 53871.

Court of Criminal Appeals of Texas. En Banc.

Jan. 25, 1978.

---

1. No motion for rehearing will be entertained.

232

Ray A. Bass, III and Richard E. Wetzel, Houston, for appellant.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann and Sam D. Adamo, Asst. Dist. Attys., Houston, for the State.

## OPINION

ODOM, Judge.

In a trial before the court appellant was convicted of sodomy under Art. 524, Vernon's Ann.P.C. (1925). Appellant elected to have his punishment assessed under the new Penal Code, and the court, on proof of two prior felony convictions, assessed punishment at life imprisonment. V.T.C.A., Penal Code Sec. 12.42(d).

In a per curiam opinion delivered December 15, 1976, we affirmed this appeal because no brief was filed in the trial court as required by Article 40.09, Sec. 9, V.A.C.C.P., and our examination of the record disclosed no unassigned error requiring consideration in the interest of justice under Art. 40.09, Sec. 13, V.A.C.C.P. On May 24, 1977, pursuant to a writ of habeas corpus, appellant was granted an out of time appeal.

The record reflects that on the morning of January 19, 1973, while walking alone to school, the twelve year old complaining witness was approached by appellant who asked him if he knew a boy named "Jimmy." He replied that he did not know Jimmy, but upon appellant's promise to give him fifty cents, he agreed to go with appellant in appellant's car and search for Jimmy. While driving around looking for Jimmy, appellant told the complainant that he had previously taken photographs of Jimmy and offered him money if he would allow appellant to photograph him. He agreed and appellant drove to a nearby service station. The two entered the station's restroom and appellant photographed complainant. Appellant then fondled his penis and attempted an act of anal intercourse upon him but withdrew upon his complaint that "it was starting to hurt." Appellant then performed an act of fellatio on him, and when he declined to reciprocate they left the restroom. Appellant paid him $2.00 and drove him to school. When he entered his classroom he started crying and told his teacher he was "sick." His mother was notified and she arrived at the school to take her son home. He told her he had been "picked up" by a man but he did not fully disclose the details of the incident until later in the day. The Houston police were then notified. Appellant was initially linked to the crime through a license plate number registered to appellant's stepfather's automobile. The license number was given police by school officials who had instructed the school safety patrolmen to copy down the license number of any "suspicious" cars driving around the school area. Appellant was subsequently identified at trial by complainant as the man who, on the morning of January 19, 1973, paid him $2.00 to engage in the behavior described above. Appellant was also identified by the service station attendant as the man he saw enter the station restroom with the complainant.

In his first and fourth grounds, appellant contends the evidence established that the prosecuting witness was an accomplice witness as a matter of law, and that his testimony was not sufficiently corroborated by other evidence. See Art. 38.14, V.A.C.C.P.

In *McDonald v. State*, Tex.Cr.App., 513 S.W.2d 44, the defendant appealed from a conviction for sodomy on a ten year old boy. In our opinion affirming the judgment, we quoted from *Carnathan v. State*, Tex.Cr. App., 478 S.W.2d 490, as follows:

" '. . . [E]ven though the witness was an actor in the criminal transaction he is not regarded as an accomplice if he did not act knowingly or willingly, *or if he was too young to be criminally responsible.*' " 24 Tex.Jur.2d, Evidence, Sec. 690, p. 313 (Emphasis added.)

Article 30, Sec. 1, Vernon's Ann.P.C., in effect at the date of the commission of this offense, provided:

"No person may be convicted of any offense except perjury, which was committed before he was 15 years of age; and for perjury only when it appears by proof that he had sufficient discretion to understand the nature and obligation of an oath." [1]

Under the provision of Art. 30, Sec. 1, supra, the twelve year old complaining witness in the instant case was "too young to be criminally responsible" for the offense of sodomy. Although in *McDonald* and *Carnathan*, supra, we declined to determine what effect the statutory amendment had on *Slusser v. State*, 155 Tex.Cr.R. 160, 232 S.W.2d 727, we will now do so. The trial facts in *Slusser*, as stated in the opinion, are:

"The record shows without dispute that the ten-year old boy willingly took part in and consented to the indecent acts of appellant.

"The [trial] court took cognizance of the uniform holdings of this court that one so consenting and acting is an accomplice under the law, and his testimony must therefore be corroborated. . . .

"But the charge clearly reveals that the court was of the opinion that an exception to such rule exists in the case of a young boy between the ages of nine and thirteen years, by reason of the provisions of art. 30, P.C.

\*   \*   \*   \*   \*   \*

"Article 30, P.C., provides that no child between such ages is criminally responsible for any offense committed unless it shall appear that such child *'had discretion sufficient to understand the nature and illegality of the act.'*

\*   \*   \*   \*   \*   \*

"In the course of the opinion [in *Holmes v. State*, 99 Tex.Cr.R. 298, 269 S.W. 96], however, the court said: 'We pretermit discussion of the interesting question as to whether a boy between 9 and 13 years of age should be regarded as a victim or an accomplice, *believing it too dangerous to lay down any hard and fast rule based on age, in the absence of statutory provision.* . . .' " (Emphasis added.)

The Court in *Slusser* then proceeded after a discussion of several other cases to state the rule as to a child witness under Article 30, supra, as then in force:

"(1) Each case must be considered upon its own facts in determining whether the witness is to be considered a victim of the unlawful act of another or as a participant therein, and therefore an accomplice.

"(2) If inferences are to be indulged, the correct inference would be that a child over nine and under thirteen years of age possesses sufficient discretion and knowledge to be an accomplice.

"(3) If from the evidence, a question is raised as to whether the child between the ages of nine and thirteen years voluntarily participated in the criminal act, or as to whether such child, so participating, is *possessed of sufficient discretion to know the act to be criminal*, and to have the necessary criminal intent, such issue or issues should be submitted to the jury in order that the jury may, by resolving such issue, determine whether the wit-

---

1. This article was repealed by the new Penal Code, effective January 1, 1974. See now V.T. C.A., Penal Code Sec. 8.07.

ness is to be considered an accomplice witness.

"(4) If the record as a whole shows that the child witness has such discretion, and voluntarily participated in the unlawful act, then the testimony of the witness should be dealt with as that of an accomplice witness." (Emphasis added.)

This rule in *Slusser* regarding a child between the ages of nine and thirteen was derived from and rested upon the statutory language of Art. 30, both as to the age range and as to the standard by which such a child is to be found an accomplice or not. In light of the changed language of Art. 30, supra, there was no longer an "absence of statutory provision" to support a "hard and fast rule" on the matter of whether the complainant was an accomplice witness. We hold that under the terms of Art. 30, supra, complainant was too young to be criminally responsible and was not an accomplice witness as a matter of law or fact, and therefore no corroboration of his testimony was required.

The first and fourth grounds of error are overruled.

■ In his second ground of error appellant asserts the service station attendant's in-court identification of the appellant was tainted by an impermissibly suggestive pretrial photographic identification.

Service station employee Bob Love testified that on the morning of January 19, 1973, from a distance of about twelve feet he observed appellant and the complainant enter the station's restroom. Love stated that because the station was robbed a lot he was watching appellant and complainant and "looked at them good enough to know them." Approximately a week later the police showed Love two photographs, both of appellant, and told him, "This is the man we think was here that day." Love tentatively identified appellant from the photographs as the man who entered the station restroom with complainant on January 19, 1973. Love positively identified appellant at trial. He testified that his identification

of appellant was not based on the photographs and that he would have been able to identify appellant even if he had never seen the photographs.

We observed in *Benson v. State*, Tex.Cr. App., 487 S.W.2d 117:

"Even where the pre-trial identification procedure was impermissibly suggestive, the in-court testimony of the identification witness would still be admissible as long as the record clearly reveals that the witness' prior observation of the accused was sufficient to serve as an independent origin for the in-court identification."

Love's testimony that he had an adequate opportunity to observe appellant at close range during daylight hours was sufficient to serve as an independent origin for the in-court identification. See, *West v. State*, Tex.Cr.App., 511 S.W.2d 502; *Clay v. State*, Tex.Cr.App., 518 S.W.2d 550. Ground of error two is overruled.

In ground of error three appellant asserts the court erred in admitting into evidence appellant's incriminating oral statements made while in police custody. See Art. 38.22, V.A.C.C.P.

■ Houston police officer Cone, assigned to investigate the offense, testified that he was notified by local school authorities of the license number of a "suspicious" car seen driving around in the vicinity of complainant's school. Cone checked the car's registration and determined it was owned by John C. McKinney of 3020 Sagebrush in Houston. On January 22, 1973, he went to the Sagebrush address. When appellant answered the door, Cone recognized him as a past sexual offender. It is unclear from the record whether Cone advised appellant of his rights in accordance with "*Miranda*"[2] and Art. 38.22, V.A.C.C.P., before or after questioning him and obtaining his admission that although the suspect car was owned by his stepfather, appellant was the driver on the date of the offense. Assuming arguendo that appellant was in police custody when questioned and that his oral

2. See *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

statements were inadmissible under the provisions of Art. 38.22, V.A.C.C.P., since this was a trial before the court, it is presumed the trial court disregarded any inadmissible evidence. *Kimithi v. State*, Tex.Cr. App., 546 S.W.2d 323. Ground of error three is overruled.

■ It is contended that the indictment is fatally defective because it fails to allege a culpable mental state as required under the new Penal Code, Sec. 6.02.

Because the offense was committed on January 19, 1973, the indictment charged appellant under Art. 524 of the 1925 Penal Code.

The new Penal Code, with certain exceptions not here applicable, applies only to offenses committed on or after its effective date. A criminal action for an offense committed before the Act's effective date is governed by the law existing at the time of the offense. See Sec. 6(c) of the "Savings Provision" of the new Code. Appellant was correctly indicted and convicted under Art. 524, Vernon's Ann.P.C., the law in effect at the time the offense was committed.

■ In his fifth ground of error appellant argues that the trial court erred in overruling his motion to have his punishment assessed under V.T.C.A., Penal Code Sec. 21.06, and thereby denied him due process of law.

Trial was on March 17, 1975, after the effective date of the new Code. Appellant elected to be punished under the provisions of the new Penal Code. See V.T.C.A., Penal Code, Savings Provision, Section 6(c); *Johnson v. State*, Tex.Cr.App., 548 S.W.2d 700; *Bishoff v. State*, Tex.Cr.App., 531 S.W.2d 346; *Wright v. State*, Tex.Civ.App., 527 S.W.2d 859. If the conduct under the former Penal Code for which appellant was convicted constituted a violation of more than one offense under the new Code, the court in assessing punishment determines from the evidence which offense under the new Code is applicable. *Wright v. State*, supra; *Ambers v. State*, Tex.Civ.App., 527 S.W.2d 855; *Bishoff v. State*, supra.

■ There is sufficient evidence that appellant, with intent to gratify his sexual desires, engaged in deviate sexual intercourse with a twelve year old boy. Such conduct constitutes the felony offense of Sexual Abuse of a Child under Sec. 21.10 of the new Penal Code. The provision relied on by appellant, Sec. 21.06, supra, the misdemeanor offense of Homosexual Conduct, provides, "A person commits an offense if he engages in deviate sexual intercourse with another individual of the same sex." Under the rule stated in *Johnson v. State*, supra, and *Bishoff v. State*, supra, the trial judge was not obligated to punish for the lesser offense since Sec. 21.10 prohibits the exact conduct engaged in by appellant in the instant case.

■ Appellant also contends he was denied due process by the procedure here employed and by this Court's decision in *Bishoff v. State*, supra, in which the opinion on original submission was withdrawn. The due process arguments raised by appellant are without merit under the holding of this Court in *Wright v. State*, supra. Cf. *Wright v. State*, Tex.Civ.App., 527 S.W.2d 859, 867, opinion concurring in part and dissenting in part. Appellant's argument that the changed disposition of *Bishoff v. State*, supra, violated the prohibition against ex post facto laws as applied to the trial of his case is likewise without merit. Although appellant's trial was between rendition of our opinion on original submission and final disposition on motion for rehearing, the change in the construction of the Saving Provision of the 1974 Penal Code that occurred did not violate the prohibition against ex post facto laws. Cf. *Bouie v. Columbia*, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964). The opinion on original submission was never final and never was part of the jurisprudence of this State.

Ground of error number five is overruled.

■ Finally, appellant contends there was insufficient evidence for enhancement under V.T.C.A., Penal Code Sec. 12.42(d). That section requires the State to prove that the second previous felony conviction alleged was committed after the first previ-

**236**

ous conviction became final. *Hickman v. State*, Tex.Cr.App., 548 S.W.2d 736; *Wiggins v. State*, Tex.Cr.App., 539 S.W.2d 142.

The State introduced the judgment and sentence for the first prior conviction and the judgment for the second prior conviction alleged in the indictment for enhancement purposes. The first previous felony conviction was final on April 4, 1960. The second previous felony conviction was had on November 16, 1974. The record does not disclose when the second offense was committed or when the indictment for that offense was returned. Therefore, the State failed to prove that the first conviction was final when appellant committed the second offense and the trial court erred in enhancing the punishment under V.T.C.A., Penal Code Sec. 12.42(d). The State in its brief concedes this deficiency in the proof.

The error relates to punishment only and the court assessed punishment. Therefore, appellant's life sentence is set aside and the cause remanded to the trial court for a hearing on the issue of punishment to be assessed by the court, at which time the State may attempt to properly prove up the prior convictions for enhancement purposes. *Tyra v. State*, Tex.Cr.App., 534 S.W.2d 695.

The judgment of conviction is affirmed, the punishment is set aside, and the cause is remanded for a new punishment hearing before the trial court.