**Randal ALLEN, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–236–CR.**

Court of Appeals of Texas,
Fort Worth.

Aug. 4, 1982.

Discretionary Review Refused
Nov. 3, 1982.

Danny D. Burns, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Joe C. Lockhart, Asst. Dist. Atty., Fort Worth, for the State.

Before HUGHES, RICHARD L. BROWN and HOLMAN, JJ.

OPINION

HUGHES, Justice.

Randal Allen was convicted of the offense of aggravated robbery with a deadly weapon with an habitual count included. He here appeals such conviction and the life sentence assessed by the trial judge.

We affirm.

Appellant has one ground of error. He has requested reversal because he says that the trial court admitted his confession into evidence even though it was not freely and voluntarily given and was the result of a promise and reward.

Officer Payne, who took the confession testified as follows:

Q. Did you tell him that if he did not sign this statement that you were going to go pick up his wife and file on her?
A. I told him that his wife could have been directly involved in this and she could be filed on, yes, sir, I did.
Q. Did you tell him that if he signed this statement that you would not pick her up?
A. I told him that if he cleared her in that statement that I would not file on her.

The confession had one sentence that encapsulated the whole of the State's contention: "I went in to sell the shotgun and there were no buyers so I decided to rob it."

In addition to the confession, the State produced witnesses who testified to being in a bar denominated as "Freeman's Camp" on November 26, 1980 when appellant entered with a shotgun. Mr. James Calfee, who got to the bar at about a quarter to five or five, testified: "He had a shotgun in his hand and he said this is a robbery and I want all of your money and he pointed the shotgun to a table and he said put your money on the table . . .". He also told Mr. Calfee not to come closer or he would blow his fat posterior off. Calfee identified the appellant as the man with the shotgun.

Dailey W. Brandon testified that while he was seated at the bar at Freeman's, between the hours of 5 and 6 p.m.: "Yes, a

guy came in with a shotgun and started waving it around and said he was going to rob the place. He had tried to sell the gun and nobody would buy it so he come back and said he was going to rob us." He said the man also threatened to blow his guts out. Brandon could not positively identify the appellant as the man with the shotgun.

Mary Elizabeth Butler, who did not identify appellant, testified that between 5:30 and 5:45, November 26, 1980, she arrived at Freeman's Camp and while she was there "A man came through the door and stopped right beside my chair and told us it was a . . . armed robbery."

All accounts, including the appellant's, agree that Calfee tricked appellant into showing him the shotgun at a pool table, where Calfee grabbed the gun, pulled appellant across the table, propelled him to a wall and thence to the floor and sat on him until the police arrived.

Appellant's testimony directly contradicted the three eye witnesses of the State. He said he went into Freeman's Camp with the shotgun and told everyone: "It's not no holdup." The trier of the fact evidently believed the testimony of the three State's witnesses over that of the appellant.

Although the evidence in this case indicates the confession was induced by promise of reward, we overrule appellant's ground of error. *Haynes v. The State of Washington,* 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963). This trial was before the judge and it is presumed he considered only admissible evidence. *Anderson v. State of Texas,* 385 S.W.2d 391 (Tex.Cr. App. 1965); *Keen v. State of Texas,* 626 S.W.2d 309 (Tex.Cr.App. 1981); *Komurke v. State of Texas,* 562 S.W.2d 230 (Tex.Cr. App. 1978). Considering the persuasive testimony set forth herein, we hold it more than sufficient to convict the appellant without considering his confession.

Three witnesses testified to facts establishing an armed robbery. One of the three witnesses identified the appellant as the robber. The arresting officer identified him as at the scene in paint spattered clothes and identified the shotgun as the

one from which he unloaded two live rounds of ammunition. Mr. Brandon testified that he saw the gun being unloaded and that "it had one in the chamber and one in the magazine." This would indicate a gun ready for action rather than one ready for sale.

We affirm.