Charles Ellisworth YEAGER a/k/a Charles Ellsworth Yeager, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 0683–86.

Court of Criminal Appeals of Texas, En Banc.

April 1, 1987.

R. Stephen Moore, Graham, for appellant.

Robert Huttash, State's Atty., and Alfred Walker, First Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appeal is taken from a conviction for unlawful possession of a firearm by a felon. After finding appellant guilty, the jury assessed punishment at three years and a $2500 fine.

The Court of Appeals reversed appellant's conviction. *Yeager v. State,* 708 S.W.2d 948 (Tex.App.-Fort Worth 1986). A penitentiary packet was admitted during the guilt or innocence phase of the trial to prove appellant had previously been convicted of a felony and thus his possession of the firearm was unlawful. V.T.C.A., Penal Code, Section 46.05(a). The court found the trial court erred in admitting the packet into evidence. Such error allegedly occurred "because there was no proper proof that appellant and the person in the 'pen packet' were one and the same." *Id.* at 951.

In reversing appellant's conviction, the Court of Appeals cited and relied on this Court's opinion in *Littles v. State,* 726 S.W.2d 26 (Tex.Cr.App.1984). The Court of

Appeals noted that, at the time of its opinion, *Littles v. State,* supra, was pending before this Court on rehearing. The records of this Court reflect that the State's Motion for Rehearing had been granted on January 30, 1985. An opinion on State's Motion for Rehearing in *Littles v. State,* supra, was delivered by this Court on March 11, 1987, in which it was concluded that the original opinion was incorrect.[1]

In concluding the trial court erred in admitting the penitentiary packet into evidence, the Court of Appeals cited this Court's opinions in *Daniel v. State,* 585 S.W.2d 688 (Tex.Cr.App.1979); *Gollin v. State,* 554 S.W.2d 683 (Tex.Cr.App.1977); and *Cain v. State,* 468 S.W.2d 856 (Tex.Cr. App.1971). In the opinion on State's Motion for Rehearing in *Littles v. State,* supra, this Court overruled those three opinions to the extent that they held there are exclusive manners of proving a defendant's identity as to prior felonies.

Pursuant to the authority conferred on this Court by Tex.App.Pro. Rule 202(k), the State's Petition for Discretionary Review is summarily granted. The cause is remanded to the Court of Appeals for the Second Supreme Judicial District for reconsideration of appellant's fourth point of error in light of this Court's opinion on State's Motion for Rehearing in *Littles v. State,* supra. This Court expresses no opinion with respect to the ultimate disposition of the point of error.

The judgment of the Court of Appeals is vacated and the cause is remanded to that court for further proceedings consistent with this opinion.

ONION, P.J., and TEAGUE, J., dissent to remand.

1. Parties appearing before this Court and the Courts of Appeals should proceed with caution when relying on non-final opinions. An opinion which is not final is not a part of the jurisprudence of this State. *Komurke v. State,* 562 S.W.2d 230 (Tex.Cr.App.1978).