IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-557-CR





MARK PATTERSON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY, 



NO. 349-537, HONORABLE WILFRED AGUILAR, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of eluding a police officer. Tex. Rev. Civ. Stat. Ann.
art. 6701d, § 186 (West 1977 & Supp. 1992). The county court at law assessed punishment at
incarceration for sixty days and a $1000 fine, but suspended imposition of sentence and placed
appellant on probation.

 In his first point of error, appellant contends the court erred by overruling his
motion in arrest of judgment. By this motion, appellant complained that he requested but was not
furnished a copy of the information before trial. Tex. Code Crim. Proc. Ann. art. 25.04 (West
1989). The record is before this Court without a statement of facts. The allegations in appellant's
motion and the supporting affidavits are not evidence. Dugard v. State, 688 S.W.2d 524, 529
(Tex. Crim. App. 1985); Brown v. State, 505 S.W.2d 277, 279 (Tex. Crim. App. 1974). The trial court has not been shown to have abused its discretion by overruling the motion
in arrest of judgment. Point of error one is overruled.

 Appellant's second point of error complains of the overruling of his motion to set
aside the information. This motion was not timely, as it was filed after trial. Tex. Code Crim.
Proc. Ann. art. 1.14(b) (West Supp. 1992). Further, the motion was based on an alleged violation
of the Speedy Trial Act that was declared unconstitutional in 1987. Meshell v. State, 739 S.W.2d
246 (Tex. Crim. App. 1987). No error is shown. The second point of error is overruled.

 Finally, appellant contends the court erred by overruling his motion for new trial. 
This motion alleged numerous grounds, three of which appellant urges on appeal. First, appellant
complains that the court did not define "reasonable doubt" in its charge to the jury. Appellant
relies on the opinion in Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991). In Geesa, the
Court of Criminal Appeals set forth a definition of "reasonable doubt" to be submitted to the jury
in all criminal cases, even in the absence of an objection or request. Id. at 162.

 In Geesa, the court stated that this rule was to apply to "all cases tried hereafter." 
Id. at 165. It is unclear whether the court meant by this only that Geesa was not to apply
retroactively, or whether the court intended Geesa to apply in all cases tried on or after November
6, 1991, the day the opinion was announced. Ordinarily, a decision of the Court of Criminal
Appeals is not part of our jurisprudence until it is final. Yeager v. State, 727 S.W.2d 280, 281
n.1 (Tex. Crim. App. 1987); Komurke v. State, 562 S.W.2d 230, 235 (Tex. Crim. App. 1978). 
No motion for rehearing was filed in Geesa and thus the decision became final fifteen days later,
on November 21. Tex. R. App. P. 231. Appellant was tried on November 12, 1991, before
Geesa became final.

 Assuming that the trial court erred by failing to define "reasonable doubt,"
reversible error is not presented. Insofar as the record reflects, appellant did not request that the
definition be included in the charge or object to its absence. Thus, he must demonstrate that the
absence of the definition caused him "egregious harm." Almanza v. State, 686 S.W.2d 157, 171
(Tex. Crim. App. 1985). There is no statement of facts before us and appellant, needless to say,
does not contest the sufficiency of the evidence. Under the circumstances, we find no basis for
concluding that appellant was egregiously harmed by the alleged charge error.

 The second and third grounds for new trial now urged on appeal are that the trial
court erred by failing to define "willfully" in its charge and by denying appellant's motion to
consolidate this cause for trial with a traffic citation growing out of the same transaction. The
record does not demonstrate that appellant requested a definition of "willfully" or objected to its
absence, nor does it contain a motion to consolidate the two offenses for trial. As previously
noted, the allegations in appellant's motion for new trial are not evidence. No error is shown.

 Appellant has failed to demonstrate that the trial court abused its discretion by
overruling his motion for new trial. The third point of error is overruled.

 The judgment of conviction is affirmed.


[Before Justices Powers, Aboussie and B. A. Smith]

Affirmed

Filed: November 4, 1992

[Do Not Publish]