**Affirmed and Opinion Filed June 10, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00653-CR**

**TROY LAMONT TILLER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-82756-2021**

# MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen III, and Nowell
Opinion by Justice Partida-Kipness

After leading police on a high-speed pursuit, Troy Lamont Tiller was convicted for evading arrest with a vehicle. On appeal, Tiller contends the conviction should be overturned because the State failed to prove he knew the officers' attempt to arrest him was lawful, and the evidence is insufficient to support the deadly weapon finding. In accordance with this Court's precedent, we conclude the State was not required to prove knowledge of the arrest's lawfulness. We further conclude the evidence is sufficient to support the deadly weapon finding. Accordingly, we overrule Tiller's appellate issues and affirm the judgment.

## BACKGROUND

On the night of October 23, 2018, Officer John Nagy was patrolling highway 75 near McKinney, Texas, when he was told to be on the lookout for a vehicle that had been tied to a recent felony. The suspect was reported to be a black male driving a silver Toyota Camry from the mid-2000's that had no rear spoiler or front license plate.

Officer Nagy saw a black male driving such a vehicle on the highway. He alerted other officers and pursued the Camry as it pulled into a gas station. Officer Nagy activated his patrol unit's red-and-blue lights to initiate a traffic stop, pulled up close behind the Camry, and shouted for the driver to turn off the vehicle and place his keys on the roof. After a pause, the driver instead sped out of the parking lot and led officers on a high-speed chase that lasted several minutes. During the chase, the driver swerved around cars on the roadways, ran several stop signs and lights, sped through a residential area, and drove across a lawn between two apartment buildings. An officer forced him off the road by repeatedly bumping against the back of the Camry and then broadsiding it as it spun out in an apartment complex's parking lot. The driver—Tiller—took off on foot but was apprehended shortly thereafter.

Based on this evidence, a jury found Tiller guilty of evading arrest or detention with a vehicle. The jury also found habitual-offender enhancements to be true.

Punishment was assessed at 55 years, and the trial court sentenced Tiller accordingly. This appealed followed.

**STANDARD OF REVIEW**

When a sufficiency issue turns on the meaning of the statute under which the defendant was prosecuted, we review the statutory-construction issue de novo. *Liverman v. State*, 470 S.W.3d 831, 836 (Tex. Crim. App. 2015). When we interpret statutes, we focus on the literal text and attempt to discern its fair, objective meaning. *State v. Kahookele*, 640 S.W.3d 221, 225 (Tex. Crim. App. 2021). We give effect to the plain meaning of the statutory text, reading it in context and construing it according to the rules of grammar and common usage. *Id.* If the language is ambiguous or the plain language would lead to absurd consequences that the Legislature could not possibly have intended, we may consider extratextual factors. *Id.*

In reviewing the legal sufficiency of the evidence, we view all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the crime's essential elements beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). We may not re-evaluate the evidence's weight and credibility and substitute our judgment for the factfinder's. *Queeman*, 520 S.W.3d at 622. Instead, we determine whether the necessary inferences are reasonable based on the evidence's cumulative force when viewed in the light most favorable to the verdict.

*Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015). We presume that the factfinder resolved any conflicting inferences in favor of the verdict, and we must defer to that resolution. *Id.* at 448–49.

## DISCUSSION

In his first issue on appeal, Tiller asserts that the conviction should be overturned because the State failed to prove a required element: that he knew the officers' attempt to arrest him was lawful. But this court has previously held the State is not required to prove that the defendant knows of the arrest's lawfulness, and we adhere to that holding today.

In his second issue, Tiller contests the sufficiency of the evidence to support the finding that he used a deadly weapon—his vehicle—during the offense. But Tiller's reckless driving during his flight from police posed a very real danger of serious bodily injury to others. The evidence is sufficient to support the deadly weapon finding. We therefore affirm.

## I. Knowledge of the Arrest's Lawfulness

"A person commits an offense if he intentionally flees from a person he knows is a peace officer . . . attempting lawfully to arrest or detain him." TEX. PENAL CODE § 38.04(a) (emphasis added). Tiller argues that "[t]he plain language of the evading-arrest statute requires proof of knowledge that the attempted arrest or detention was lawful, and here, the evidence was legally insufficient to show that Appellant knew

–4–

he was lawfully detained." He asks this Court to reverse the judgment and enter a judgment of acquittal. We decline Tiller's request.

Texas courts, including this court, have unanimously held that it is not necessary for the State to prove that the defendant knew the arrest or detention was lawful. *See Nicholson v. State*, 594 S.W.3d 480, 484 (Tex. App.—Waco 2019, pet. granted) (collecting cases); *Mitchell v. State*, No. 05-12-00876-CR, 2013 WL 3929212, at *4 (Tex. App.—Dallas July 26, 2013, no pet.) (mem. op., not designated for publication). "[C]ourts have generally construed the inclusion of the word 'lawfully' in § 38.04(a) to mean that the attempted arrest or detention must be lawful—not that the defendant must know that the attempted arrest or detention is lawful." *Mitchell*, 2013 WL 3929212, at *4.

We are aware that a case is pending in the Texas Court of Criminal Appeals concerning the issue of whether the evading arrest statute requires the State to prove that a defendant knew an attempted detention was lawful. *Day v. State*, 614 S.W.3d 121, 128 n.26 (Tex. Crim. App. 2020) (citing *Nicholson v. State*, 594 S.W.3d 480 (Tex. App.—Waco 2019, pet. granted[1])) ("[W]hether the defendant's knowledge of that lawfulness of the attempted arrest or detention is also an element of the offense is an issue currently pending before this Court."). We are bound to follow our own

---

[1] Nicholson filed two, separate petitions for discretionary review in the Texas Court of Criminal Appeals. *See* Cause numbers PD-0962-19 (aggravated assault conviction); PD-0963-19 (evading arrest conviction). That Court refused the petition in cause number PD-0962-19 and granted the petition in cause number PD-0963-19. The latter remains pending.

precedent unless it conflicts with an opinion of the Court of Criminal Appeals. *See Quick v. State*, 557 S.W.3d 775, 792 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd) (refusing to follow sister court's unpublished opinion that conflicted with court's precedent and noting that the court "would be bound to follow our own precedent" even if the sister court's opinion were published); *see also Ahmadi v. Moss*, 530 S.W.3d 754, 760 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (declining to follow sister court's analysis in favor of following own precedent). Here, although the court of criminal appeals has this issue under review, that court has not issued a final opinion addressing the issue and, as such, has not created precedent contrary to this Court's jurisprudence. *See Vasquez v. State*, 814 S.W.2d 773, 776 n.1 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd) (citing *Yeager v. State*, 727 S.W.2d 280, 281 n.1 (Tex. Crim. App. 1987)) (holding that absent a final opinion, the decision is not part of the jurisprudence of this state). We, therefore, must follow our own precedent that a defendant need not know the lawfulness of the attempted arrest before an evading conviction may stand. *See Mitchell*, 2013 WL 3929212, at *4.

For these reasons, we decline to revisit our prior holding that knowledge of the attempted detention's lawfulness is not an element of evading detention. Tiller does not otherwise challenge the sufficiency of the evidence to show his knowledge that a police officer was attempting to detain him. Accordingly, we overrule Tiller's first issue.

## II.    Sufficiency of the Evidence to Support the Deadly Weapon Finding

In his second issue, Tiller challenges the sufficiency of the evidence to support the jury's finding that he used a deadly weapon—his vehicle—in the course of evading arrest. We overrule this issue.

By statute, a motor vehicle is not a deadly weapon per se, but can be found to be a deadly weapon if it is used in a manner that is capable of causing death or serious bodily injury. *Couthren v. State*, 571 S.W.3d 786, 789 (Tex. Crim. App. 2019). Cases like this one involve fact-intensive inquiries into the manner in which a driver uses a vehicle. *Pruett v. State*, 510 S.W.3d 925, 928 (Tex. Crim. App. 2017). We examine "whether a defendant's driving was reckless or dangerous during the commission of a felony." *Sierra v. State*, 280 S.W.3d 250, 255 (Tex. Crim. App. 2009) (footnotes omitted). "Reckless or dangerous driving has been demonstrated by speeding, disregarding traffic signals, failing to maintain control of the vehicle, fishtailing, causing property damage with the vehicle, driving on the wrong side of the road, almost colliding with another vehicle, and failing to yield to traffic." *Couthren*, 571 S.W.3d at 793.

Tiller's conduct implicated several of these factors. In his flight from police, Tiller drove at high rates of speed through a darkened residential area with narrow, crowded streets. At certain points, the pursuing officers were forced to travel at sixty-eight miles-per-hour in a thirty mile-per-hour zone to keep up with him. He disregarded several stop signs, swerved around vehicles on the roadway, and nearly

hit a truck. Tiller then drove onto a grassy area between two apartment buildings, over sidewalks, and past a dog park. The chase only ended when an officer repeatedly rammed Tiller's vehicle, causing it to spin out. Officers testified that Tiller's driving was extremely reckless and placed the public in danger, particularly when he disregarded the speed limits and traffic signals that are meant to keep the public safe. This evidence is legally sufficient to support the jury's finding that Tiller used the vehicle as a deadly weapon. We overrule Tiller's second issue.

## CONCLUSION

We conclude the State was not required to establish Tiller's knowledge that the attempted arrest was lawful and presented sufficient evidence to support the deadly weapon finding. Accordingly, we overrule Tiller's appellate issues and affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

210653f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b).



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

TROY LAMONT TILLER,
Appellant

No. 05-21-00653-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas Trial Court Cause No. 219-82756-2021.
Opinion delivered by Justice Partida-Kipness. Justices Pedersen, III and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 10th day of June 2022.