**Richard C. GARAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–96–00188–CR.**

Court of Appeals of Texas,
San Antonio.

July 2, 1997.

Rehearing Overruled Sept. 8, 1997.

Jeffrey J. Pokorak, Teresa A. Oxford, San Antonio, for Appellant.

Angela Moore, Assistant Criminal District Attorney, San Antonio, for Appellee.

Before HARDBERGER, C.J., and LOPEZ and ANGELINI, JJ.

## OPINION

LOPEZ, Justice.

This appeal arises from a conviction on two counts of sexual performance. The state charged appellant, Richard Garay, with two counts of sexual performance: Count I, Sexual Performance by a Child by Inducement; and Count II, Sexual Performance by a Child by Producing. A jury found appellant guilty of both counts and the court imposed punishment of twenty years imprisonment on Count I and ten years imprisonment on Count II, to run concurrently. Appellant brings sixteen points of error alleging that: (1) section 43.25 of the Texas Penal Code is void for vagueness under the United States and Texas Constitutions; (2) that the trial court erred in denying appellant's motion to set aside the indictment because it constitutes double jeopardy and fails to state a manner and means; (3) the trial court erred in instructing the jury that count I and count II are separate offenses in violation of appellant's right against double jeopardy; (4) the trial court erred in denying appellant's motion for new trial because counts I and II are the same offense, or in the alternative, they are lesser included offenses; (5) the evidence is legally and factually insufficient to support count I and factually insufficient to support count II; (6) appellant's statutory affirmative defense improperly shifts the burden of proof to the defendant; (7) the court erred in denying the motion to set aside the indictment because of the destruction of exculpatory evidence; (8) the trial court erred because irrelevant and prejudicial evidence was published to the jury; (9) the trial court erred in allowing the prosecution to lead a witness with highly prejudicial and inflammatory questions; (10) the trial court erred in allowing the claimant to be brought into the courtroom; and (11) the trial court erred in allowing the jury to consider letters during the punishment phase of trial. We summarily overrule appellant's points of error and affirm the judgment of the trial court.

## FACTS

On April 27, 1994, Mary Garay, appellant's wife, left two rolls of film at a Walmart department store for developing. Pursuant to a store policy, the clerk developing the film contacted her supervisor because of the nature and content of particular negatives. On April 28, the store manager contacted Walmart's legal department and the San Antonio Police Department (SAPD). Detective Allan Michael Hickey arrived at Walmart and took possession of the negatives in question. Walmart developed the remaining photographs and included a note to Mr. Garay explaining the store policy against developing questionable photographs. The negatives confiscated by the police included pictures of the complainant, a five year old girl, in an automobile naked from the waist down. One photo includes the complainant spreading her legs and a close-up of complainant's genitalia.

After picking up the developed photographs on April 28 and receiving Walmart's notice, appellant notified the authorities of possible child abuse involving the complainant. Detective Hickey and Detective Thomas Fulcher investigated the child abuse allegations. Appellant expressed his concern for complainant at her residence because of numerous undocumented alien men living at the same residence. The Department of Human Services dispatched officers to the residence finding three unattended children, including complainant, and nine undocumented alien men. The police temporarily detained and deported the nine men.

On May 6, 1994, Detectives Hickey and Fulcher obtained an arrest warrant for appellant. Officers searched appellant's home

and found no additional evidence associated with child pornography. In appellant's statement to the police, appellant stated that he took the pictures of the complainant to document the alleged physical abuse. The State charged appellant with two counts: Sexual Performance by a Child by Inducement and Sexual Performance by a Child by Producing.

### ARGUMENT and AUTHORITIES

 In points of error one and two, appellant challenges the constitutionality of section 43.25(a)(2) of the Texas Penal Code. When reviewing an attack upon the constitutionality of a statute, the appellate court begins with the presumption that the statute is valid and that the legislature has not acted unreasonably or arbitrarily in enacting the statute. *Ex parte Anderson*, 902 S.W.2d 695, 698 (Tex.App.—Austin, 1995, pet.ref'd). The burden rests on the individual challenging the statute to establish its unconstitutionality. *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex.Crim.App.1978). This court must uphold the statute if a reasonable construction can be ascertained which would render the statute constitutional and carry out the legislative intent. *Ely v. State*, 582 S.W.2d 416, 419 (Tex.Crim.App.1979).

 Appellant contends that the statute's use of the language "lewd exhibition of the genitals" is unconstitutionally vague. Section 43.25(a)(2) states:

"Sexual conduct" means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sado-masochistic abuse, or lewd exhibition of the genitals.

TEX. PENAL CODE ANN. § 43.25(a)(2) (Vernon 1994). When examining a criminal statute for vagueness, the reviewing court must make a two-pronged inquiry: (1) whether an ordinary, law-abiding person receives sufficient information from the statute that his conduct risks violating the criminal law; and (2) whether the statute provides sufficient notice to law enforcement personnel to prevent arbitrary or discriminatory enforcement. *Anderson*, 902 S.W.2d at 699. Appellant argues that persons of ordinary intelligence would differ as to the application

of the term "lewd" and its use as the sole description of conduct is unconstitutionally vague. *Courtemanche v. State*, 507 S.W.2d 545, 546 (Tex.Crim.App.1974).

Appellant's reliance on *Courtemanche* is misplaced. The court held that "lewd" is not always vague in application. *Id.* In *Courtemanche*, "lewd" and "vulgar" were the only descriptive terms in the statute: "permitting entertainment, performances, shows or acts that are lewd or vulgar." *Id.* The court distinguished the statute in question from other statutes where "lewd" was not vague. In the context of sodomy statutes, the court held that "lewd" is not vague when used as an integral part of a statute describing the conduct prohibited and further conditioning the prohibition on the additional element of a lewd or lascivious intent. *Id.* Reviewing another statute that prohibited the use of one's "sexual parts in a lewd or lascivious manner by any minor," the court held that in the context of acts inherent in the statute, whether a particular act is done in a lewd manner is not a question beset with vagueness. *Id.* at 547 *citing Slusser v. State*, 155 Tex.Crim. 160, 232 S.W.2d 727, 730 (1949). "The statement of the primary act, to-wit, the use of one's sexual parts, tends to limit the understanding and reduce the inherent vagueness of 'lewd' standing alone." *Id.*

In the present case, the legislature used "lewd" as an integral element describing the conduct prohibited under "sexual conduct." TEX. PENAL CODE ANN. § 43.25(a)(2) (Vernon 1994). The primary act consists of, "any performance or part thereof that includes sexual conduct by a child younger than 18 years of age." *Id.* at § 43.25(a)(1). We find the statement of the primary act in this statute reduces any inherent vagueness of the word "lewd". Therefore, the statute gives an ordinary law-abiding person sufficient information that his conduct risks violating the criminal law and the statute also gives law enforcement officials notice to prevent arbitrary enforcement. We overrule appellant's first and second points of error.

 In points of error three and four, appellant contends that the trial court erred in denying appellant's motion to set aside the

indictment because counts I and II constitute double jeopardy in violation of the U.S. and Texas constitutions. In the alternative, appellant argues that the trial court erred in not instructing the jury that count I constitutes a lesser included offense of count II. Appellant has waived these points of error.

A defect of form or substance in an indictment is waived unless the defendant objects before trial through a motion to quash. TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (Vernon Supp.1997). Appellant moved to set aside the indictment solely on the ground of inadequate manner and means. The record reveals that appellant did not preserve the issues of double jeopardy or lesser included offenses and cannot bring them for the first time on appeal. TEX.R.APP. P. 52(a). Even if appellant properly preserved these points of error, we affirm the judgment of the trial court.

*A. Double Jeopardy*

■ Appellant only preserves the federal constitutional claim. Appellant waives the state constitutional claim by failing to distinguish the protection guaranteed under the Texas constitution from that guaranteed by the federal constitution. *See Johnson v. State,* 853 S.W.2d 527, 533 (Tex.Crim.App. 1992) *cert. denied,* 510 U.S. 852, 114 S.Ct. 154, 126 L.Ed.2d 115 (1993); *Narvaiz v. State,* 840 S.W.2d 415, 432 (Tex.Crim.App. 1992), *cert. denied,* 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). Appellant's state and federal constitutional arguments are identical, with the exception of citations. Arguing the state constitutional claim, appellant merely duplicated the federal argument and supplied Texas citations. Although the arguments are printed separately, copying the federal argument verbatim does not satisfy the requirement of "arguing state and federal constitutional claims on separate grounds using separate analysis or argument." *Muniz v. State,* 851 S.W.2d 238, 251 (Tex.Crim.App.1993), *cert. denied* 510 U.S. 837, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993). In addition, if appellant preserved the state claim, this court does not need to separately analyze appellant's state and federal constitutional claims because article I, section 14 of

the Texas Constitution provides no greater protection than its federal counterpart. *See Stephens v. State,* 806 S.W.2d 812, 815 (Tex. Crim.App.1990), *cert. denied,* 502 U.S. 929, 112 S.Ct. 350, 116 L.Ed.2d 289 (1991); *Ex parte Cantu,* 913 S.W.2d 701, 706 n. 5 (Tex. App.—San Antonio 1995, pet. ref'd).

■ Addressing appellant's federal constitutional claim, the double jeopardy clause protects against three abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *See* U.S. CONST. amend. V. The argument raised here involves the prohibition of multiple punishments for the same offense. To analyze this point, we look to the *Blockburger* "same elements" test to determine whether each statutory provision requires proof of a fact which the other does not. *Ex parte Williamson,* 924 S.W.2d 414, 415 (Tex.App.—San Antonio 1996, pet. ref'd); *See Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." *Williamson,* 924 S.W.2d at 415 *citing Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182.

■ First, section 43.25 of the Texas penal code provides separate punishments for "inducing a child to engage in sexual conduct" and "producing a performance that includes sexual conduct by a child". Second, the two statutes require separate elements of proof. The statute does not define "induce," therefore we give "induce" its usual acceptation in common language. TEX.CODE CRIM. PROC. ANN. art. 3.01 (Vernon 1977). Webster's New Collegiate Dictionary primarily defines "induce" as, "to lead on: move by persuasion or influence." Thus the charge of inducing a child to engage in sexual conduct requires proof of appellant persuading the complainant to engage in sexual conduct. Section 43.25 defines produce as: " 'Produce' with respect to a sexual performance includes any conduct that directly contributes

to the creation or manufacture of the sexual performance." Tex. Penal Code Ann. § 43.25(a)(4) (Vernon 1994). Likewise, the charge of producing a performance that includes sexual conduct requires proof of appellant's contribution to the creation or manufacture of the sexual performance, in this case, the photograph. Clearly each statute requires proof of different elements for a violation to occur.

## B. Lesser Included Offenses

Appellant also argues that the trial court erred in not instructing the jury that count I is a lesser included offense of count II because the statutory definition of "produce" encompasses the usual acceptation of "induce." Appellant argues that since the judge did not give a definition of "induce" to the jury, the jury could only conclude that "produce" and "induce" have identical meanings. Appellant fails to cite any authority supporting this position and waives the claim on appeal. Tex.R.App. P. 74(f).

 Even if appellant preserved this question on appeal, we do not find that count I constitutes a lesser included offense of count II. Appellant argues that "production" of a sexual performance is included within the proof necessary to establish "inducement" of sexual conduct. In determining whether a charge encompassing a lesser included offense is required, a two-step test is applied. First, the lesser included offense must be included within the proof necessary to establish the offense charged and second, some evidence must exist in the record that would permit a jury to rationally find that, if the defendant is guilty, he is only guilty of the lesser offense.

In the present case, each count requires proof of an element which the other does not. Count I requires inducement of sexual conduct while count II requires production of a sexual performance. Inducement does not require the proof of production and production does not require proof of inducement. One who produces a sexual performance, such as taking a photograph, does not specifically contribute to inducing the child to take part. In the alternative, one may induce a child to perform sexual conduct without pro-

ducing the sexual performance, such as taking a photograph. Lastly, the legislature specifically intended inducement and production to be separate crimes. The statute defines inducement as a second degree felony and production as a third degree felony. Tex. Penal Code Ann. § 43.25 (Vernon 1994). We overrule appellant's third and fourth points of error.

 In point of error five, appellant contends that the trial court erred in denying the motion to set aside the indictment because it failed to state a manner and means. As a general rule, "an indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged ..." Tex.Code Crim. P. Ann. art. 21.11 (Vernon 1989). In order to correctly allege an offense, an indictment must allege each element of the offense. *Id.* at art. 21.03. An indictment in the language of the statute creating and defining the charged offense is sufficient. *Beck v. State,* 682 S.W.2d 550, 554 (Tex.Crim.App.1985); *Peck v. State,* 923 S.W.2d 839, 841 (Tex.App.—Tyler 1996, no pet. h.).

 In the present case, the language of the indictment comes directly from the statute and the statute creates and defines the offenses charged. *See* Tex. Penal Code Ann. § 43.25. Even if the indictment did not provide sufficient notice, appellant does not show "deleterious impact" on the ability to prepare a defense. *Chambers v. State,* 866 S.W.2d 9, 17 (Tex.Crim.App.1993), *cert. denied,* 511 U.S. 1100, 114 S.Ct. 1871, 128 L.Ed.2d 491 (1994). Appellant admitted to taking the photographs. Appellant's defense consisted of an affirmative defense that appellant took the photographs to document sexual abuse. Appellant offers nothing to illustrate how the lack of notice impacted the ability to prepare a defense. We overrule appellant's fifth point of error.

In point of error six, appellant contends that because count I and II are the same

offense, the trial court erred in charging the jury that count I and II are separate offenses. First, appellant did not properly preserve this issue for appeal. The record reveals that appellant made no objection to the jury charge and may not raise the issue for the first time on appeal. TEX.R.APP. P. 52(a). Second, this point of error has no merit pursuant to this court's discussion of appellant's third and fourth points of error. We overrule appellant's sixth point of error.

In point of error seven, appellant contends that the trial court erred in denying appellant's motion for a new trial. In the motion for new trial, appellant raised for the first time the issues of double jeopardy and lesser included offenses. Appellant fails to adequately brief this point of error and waives the right to bring it on appeal. TEX. R.APP. P. 74(f). Further, appellant merely summarizes the arguments made in the motion for new trial. The nucleus of appellant's argument remains that count I and II of the indictment constitute the same offense. Appellant cites no case law for this proposition. Appellant concludes that count I and II constitute one offense and prays for relief under the guise of Rule 30(b)(2) of the Texas Rules of Appellate Procedure. Rule 30(b)(2) states that a new trial shall be granted "where the court has misdirected the jury as to the law or has committed some other material error calculated to injure the rights of the accused." TEX.R.APP. P. 30(b)(2). Absent appellant's conclusions that count I and II are equivalent, appellant fails to shed light on how the court misdirected the jury as to the law. Even if we find appellant's argument sufficient to raise the issue on appeal, absent an abuse of discretion, this court shall not disturb the trial court's decision. *State v. Gonzalez,* 855 S.W.2d 692, 696 (Tex.Crim. App.1993). Pursuant to this court's decision that count I and II constitute separate offenses, we overrule appellant's seventh point of error.

In points of error eight, nine, and ten appellant claims that the evidence is legally and factually insufficient to support the conviction on count I and factually insufficient to support the conviction on count II.

In reviewing the sufficiency of the evidence, we must consider whether, viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (U.S.1979); *Geesa v. State,* 820 S.W.2d 154, 156–57 (Tex.Crim.App. 1991). The jurors are empowered "to draw reasonable inferences from basic facts to ultimate facts." *Kapuscinski v. State,* 878 S.W.2d 248, 249 (Tex.App.—San Antonio 1994, pet. ref'd). The jury, as the trier of fact, assesses the credibility of witnesses and the weight to be given their testimony. *Chambers v. State,* 805 S.W.2d 459, 461 (Tex. Crim.App.1991).

The standard of review for an appellate court in deciding a challenge to the factual sufficiency of evidence is whether, after looking at all the evidence, the verdict is "against the great weight of the evidence presented at trial so as to be clearly wrong and unjust." *Clewis v. State,* 922 S.W.2d 126, 135 (Tex. Crim.App.1996). The appellate court must detail the evidence when finding that it is greatly contrary to the verdict. *Id.*

In the present case, the evidence supports the conviction. Appellant admitted taking the photographs in question and relied on an affirmative defense. The jury, as the sole trier of facts, rejected appellant's defense that he took the photographs to document sexual abuse. This evidence alone supports the jury's verdict on both counts of the indictment. We overrule points of error eight, nine, and ten.

In appellant's eleventh point of error, appellant contends that the affirmative defense improperly shifts the burden of proof to the appellant. Appellant properly cites that "when the burden of persuasion shifts to the defendant on an element of the offense, the shift is a clear violation of due process which renders the trial fundamentally unfair." *Alford v. State,* 806 S.W.2d 581, 585 (Tex.App.—Dallas, 1991), *aff'd en banc,* 866 S.W.2d 619 (Tex.Crim.App.1993). However, the present case does not fall within the *Alford* category. Appellant's affirmative defense does not require him to negate an

element of the crime, rather appellant's affirmative defense requires him to offer evidence supporting the reasons for appellant's conduct. We overrule appellant's eleventh point of error.

Appellant's twelfth point of error contends that the trial court erred in denying the motion to set aside the indictment based on the destruction of material exculpatory evidence. Appellant argues that the deportation of the nine men living in complainant's residence, without interviewing the men, constitutes destruction of material evidence. Appellant asserts that interviews, if done, could have led to evidence supporting appellant's allegations of sexual abuse in the residence. Appellant did not properly preserve this issue at trial and cannot raise it for the first time on appeal. TEX.R.APP. P. 52(a).

Even if appellant had preserved the issue on appeal, the destroyed evidence does not meet the test for "material" evidence. The court defines material evidence as evidence which (1) must be of exculpatory value; (2) the value must be apparent before the evidence was destroyed; and (3) must be of such a nature that the defendant is unable to obtain comparable evidence by other reasonable available means. *California v. Trombetta,* 467 U.S. 479, 489, 104 S.Ct. 2528, 2534, 81 L.Ed.2d 413 (1984). Assuming the first and second prongs of the test are met, the record indicates that appellant could obtain comparable evidence by other reasonable means.

The record indicates that appellant offered no evidence to contradict the State's expert who testified that there was no indication of physical or sexual abuse. Appellant did not offer contradicting expert testimony based on a physical exam or testimony from the complainant herself. In fact, appellant did not offer the results of complainant's physical exam because the results were inculpatory rather than exculpatory. We overrule appellant's twelfth point of error.

In point of error thirteen, appellant claims that the trial court erred in admitting irrelevant and prejudicial evidence. The State admitted the questionable photographs into evidence. Subsequently, the State entered, over defendant's objection, enlarged duplicate photographs into evidence. Appellant claims that the duplicate photographs were admitted contrary to the best evidence rule and were unfair, inflammatory and prejudicial. TEX.R.CRIM. EVID. 403, 1002, 1003. The State argued that the photographs would assist the jury during the testimony of expert witnesses. When balancing the probative value of evidence against the prejudicial effect, the trial court uses wide discretion in determining whether to admit or exclude evidence. *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App.1990)(op. on reh'g).

The best evidence rule does not apply to this fact situation. The State did not offer the duplicate photographs to prove that the complainant was naked. The State offered the duplicates as visual aids for the jury during testimony of the State's expert witnesses. The trial court agreed that the enlarged photographs would aid the experts in identifying to the jury whether sexual abuse could be documented from the photographs. We overrule appellant's thirteenth point of error.

In the fourteenth point of error appellant contends that the trial court erred in allowing the State to lead a witness with prejudicial and inflammatory questions. Appellant complains of the State's redirect examination of Detective Thomas Fulcher. Appellant failed to object at trial to any of the statements cited in appellant's brief. Appellant waived this point of error. Appellant did not properly preserve this point of error at the trial court and cannot raise it for the first time on appeal. Tex.R.App. P. 52(a). We overrule appellant's fourteenth point of error.

In appellant's fifteenth point of error, appellant contends that the trial court erred in allowing the complainant to enter the courtroom. First, appellant failed to properly preserve this issue on appeal. Appellant did not make a timely objection and cannot raise the claim for the first time on appeal. TEX.R.APP. P. 52(a). Second, the State brought the complainant into the courtroom during the mother's testimony for purposes of identification. After complainant's mother identified the complainant, the com-

**68**

plainant left the courtroom. The trial court did not abuse its discretion in allowing the identification of the complainant. We overrule appellant's fifteenth point of error.

In the sixteenth point of error, appellant argues that the trial court erred during the sentencing phase by considering letters about the appellant. Appellant failed to properly preserve this issue on appeal. Appellant did not make a timely objection and cannot raise the claim for the first time on appeal. TEX.R.APP. P. 52(a).

The judgment of the trial court is in all things affirmed.