COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

ALBERT GARY TAYLOR,                                  )

                                                                              )               No.  08-02-00250-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
409th District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )               
(TC# 20000D02956)

                                                                              )

 

 

O
P I N I O N

 








Appellant Albert
Gary Taylor appeals a conviction and sentence from a guilty verdict on three
counts of sexual assault of a child and one count of sexual performance of a
child.  The jury found Appellant guilty,
assessed a punishment of 20 years=
confinement, and a $10,000 fine for each count. 
The trial court ordered that the four twenty-year sentences be served consecutively. 
Appellant raises four issues on appeal: 
(1) whether the trial court violated Appellant=s
right to confront and cross-examine the evidence against him when Appellant=s written statement was admitted
without requiring the State to offer the statement through a live witness; (2)
whether Appellant=s written
statement was inadmissible hearsay and therefore erroneously admitted at the
punishment phase of the trial; (3) whether the trial court erroneously denied
Appellant=s motion
to suppress his written statement because Appellant=s
request for counsel was disregarded; (4) whether the evidence was legally and
factually sufficient to support a conviction of sexual performance of a
child.  We affirm.

FACTUAL
SUMMARY








A federal
investigation of the Appellant for the offense of interstate travel for the
purpose of engaging in sex with a minor generated the investigation that led to
Appellant=s arrest
and conviction in this case.  In January
2000, Appellant made contact over the internet with an individual whom he
thought was a fourteen-year-old girl named Ashley.  Ashley was really an undercover U.S. Customs
Service special agent assigned to the FBI=s
Innocent Images Task Force[1]
posing as a fourteen-year-old girl living in the Washington, D.C. area in a
chat room by the name of ABarely
Legal F For Older M.@  Appellant engaged in internet communications
of a sexual nature with Ashley and mentioned he had an ex-girlfriend that was
fourteen years old.  Appellant also sent
Ashley two photographs containing child pornography, as well as nude
photographs of himself.   In February of
2000, Appellant indicated to Ashley that he wanted to visit her in Washington,
D.C. to engage in sexual activities with her. 
Appellant made plans to visit Ashley on March 24, 2000.  He bought an airline ticket to fly from El
Paso, Texas to Arlington, Virginia on that date.  On March 24, 2000, Appellant departed from
the El Paso International Airport and arrived at Reagan National Airport, where
federal agents observed him approach an undercover
agent who looked like a young girl and ask her if she was Ashley.  Appellant was then arrested and taken to the
airport police station where he was then interviewed by federal agents.  During his interview, Appellant signed an AAdvice of Rights@
form waiving his rights and a AStatement
& Advice of Rights@
form that included a handwritten statement regarding his online activity, his
conversations with Ashley, and his intentions of meeting with Ashley for the
purpose of engaging in sexual activity with her.

While Appellant
was being interrogated by the federal agents, agents in El Paso, Texas secured
a search warrant for his home.  In
conducting a search of Appellant=s
home, agents[2]
found among other things, nude photographs of females who appeared to be
minors.  Some of the photographs appeared
to have been taken at Appellant=s
home; the bedspread and furniture in the pictures matched what was in Appellant=s home during the search.  Agents also discovered a package addressed to
an individual in Minnesota with an El Paso return address containing a female
name.  The agents provided this
information to the El Paso Police Department for further investigation.








Upon further
investigation, the El Paso Police department learned that the female name on
the return address of the package found in Appellant=s
home was in fact a minor.  Appellant met
the female victim in this case over the internet.  The victim was twelve or thirteen years old
at the time.  Appellant and the victim
engaged in conversations of a sexual nature over the internet.  In 1999, on Thanksgiving day,
Appellant met with the victim in person for the first time.  By this time, the victim was fourteen years
old.  The victim had provided Appellant
with an e-mail containing the directions to her high school.  Once Appellant arrived at the victim=s high school, she got into his car and
Appellant took the victim to his home. 
On that particular day, Appellant engaged in various forms of sexual
activities with the victim.  After this
initial meeting, Appellant met with the victim on three or four other occasions
and had further sexual contact with her. 
During this time, Appellant also took several nude photographs of the
victim.

Appellant filed a
motion to suppress illegally seized evidence and a motion to suppress the
written statement he provided to the federal authorities pursuant to Jackson
v. Denno, 378 U.S. 368, 84 S.Ct.
1774, 12 L.Ed.2d 908 (1964).  After
holding a hearing on the motions to suppress, the trial court denied Appellant=s motions and allowed the evidence to
be admitted.  Appellant was convicted by
a jury trial on three counts of sexual assault of a child and one count of
sexual performance of a child. Appellant now brings this appeal.

DISCUSSION

Issues One and Two of Appellant=s
argument center around the trial court=s
admission at the punishment phase of the trial of Appellant=s written statement in which he admits
to various extraneous offenses.  In Issue
One, Appellant argues that the trial court erred in admitting Appellant=s written statement at the punishment
trial without a live witness because it violated his right to confront and
cross-examine the evidence against him. 
In his second ground for review, the Appellant argues that his written statement
was inadmissible hearsay.  The State
responds that the written statement was admissible as a party-opponent
admission.  In the alternative, the State
also alleges that if it is determined that the written statement was
erroneously admitted by the trial court at the punishment trial, that such
error was harmless.  We find that the
trial court did not abuse its discretion in admitting the written
statement.  








The admissibility
of an out-of-court statement under the exceptions to the general hearsay
exclusion rule is within the trial court=s
discretion.  Zuliani
v. State, 97 S.W.3d 589, 595 (Tex.Crim.App.
2003), citing Lawton v. State, 913 S.W.2d 542, 553 (Tex.Crim.App. 1995). 
Therefore, a reviewing court should not reverse unless a clear abuse of
discretion is shown.  Zuliani, 97 S.W.3d at 595, citing
Coffin v. State, 885 S.W.2d 140, 149 (Tex.Crim.App.
1994).  An abuse of discretion occurs
Aonly when the trial judge=s decision was so clearly wrong as to
lie outside that zone within which reasonable persons might disagree.@ 
Zuliani, 97 S.W.3d at 595, citing Cantu v. State, 842 S.W.2d
667, 682 (Tex.Crim.App. 1992).  

Under
Tex.R.Evid. 801(e)(2)(A),
a statement is not hearsay if the statement is offered against a party and is
his own statement in either an individual or representative capacity.  This rule plainly and unequivocally states
that a criminal defendant=s
own statements, when being offered against him, are not hearsay.  Trevino v. State,
991 S.W.2d 849, 853 (Tex.Crim.App. 1999).  Admissions by party-opponents are admissible
precisely because they are being admitted against the party alleged to have
made those statements.  Bingham v. State, 987 S.W.2d 54, 56-7 (Tex.Crim.App.
1999).  Thus, that party cannot
complain of an inability to cross-examine him/herself, and since s/he is their
author, s/he is estopped from complaining of their
untrustworthiness.  Bingham, 987 S.W.2d at 57.  The
written statement at issue was Appellant=s
own statement being offered against him at the punishment phase of the
trial.  Therefore,
pursuant to Tex.R.Evid. 801(e)(2)(A),
we find that Appellant=s
statement was not hearsay, but was rather admissible as a party-opponent
admission.  The trial court did not abuse
its discretion in allowing the evidence to be presented at trial.  We therefore overrule Issues One and Two.








In Issue Three,
Appellant alleges that the trial court incorrectly denied his motion to
suppress his written statement because Appellant=s
request for counsel was disregarded, violating his Fifth Amendment right to counsel.  The State argues that the record does not
support the contention that Appellant requested an attorney while being
interrogated by the federal agents.  The
State also argues that even if Appellant did invoke the right to counsel with
regards to the photographs found in his home, under Cobb. v. Texas, 532
US. 162, 167, 173-174, 121 S.Ct.
1335, 1340, 1343-44, 149 L.Ed.2d 321 (2001) that invocation did not apply to
his interview regarding the federal charges.

The standard of
review for a trial court=s
ruling on a motion to suppress evidence is abuse of discretion.  Villareal v. State, 935 S.W.2d 134, 138 (Tex.Crim.App.
1996).  Therefore, an appellate
court must review the record evidence and all reasonable inferences therefrom in the light most favorable to the trial court=s ruling and must sustain the trial
court=s ruling
if it is reasonably supported by the record and is correct on any theory of law
applicable to the case.  Villareal,
935 S.W.2d at 138, citing Romero v. State, 800 S.W.2d 539, 543 (Tex.Crim.App. 1990).

In reviewing the
entire record, we find no evidence that Appellant invoked his right to counsel
while being interrogated by the federal agents. 
At the trial court=s  motion to suppress
hearing, U.S. Postal Inspector Robert Northrup (AInspector Northrup@) testified that prior to speaking to
Appellant, he advised Appellant of his Miranda rights.  Inspector Northrup
also testified that Appellant indicated both verbally and in writing that he
understood his rights.  When the issue of
the photographs found in Appellant=s
home was raised during the interview, Inspector Northrup
testified that Appellant stated that he did not want to discuss the
photographs, but that Ahe
would feel more comfortable if he had an attorney to help him with any
questioning about that.@  Even after the issue of the photographs was
raised, Appellant never expressed a desire to cease the interview or to speak
to an attorney.  








FBI special agent,
Gregory Zack (ASpecial
Agent Zack@) was
also present when Appellant was arrested and advised of his rights.  Special Agent Zack testified that after being
advised of his rights, Appellant did not request an attorney.  During the entire time that Special Agent
Zack was with the Appellant, never once did Appellant indicate that he wanted
the interview to stop or that he no longer desired to provide the federal
agents with information.  Special Agent
Zack testified that the only time the issue of an attorney was raised was when
Appellant was asked about the photographs, at which point A[Appellant] said he would rather
discuss the photographs with an attorney.@  However, Appellant did not indicate that he
wanted the conversation to stop or that he wanted to consult an attorney.  

While with the
federal agents, Appellant also signed an AAdvice
of Rights@ form, as
well as a AStatement
& Advice of Rights@
form.  Both statements specifically
stated that Appellant understood his rights and that he was willing to answer
questions without having an attorney present. 
Inspector Northrup had Appellant read the
Advice of Rights form out loud to ensure that Appellant could read and write,
and that he understood what he was signing. 


In reviewing the
evidence and all reasonable inferences in the light most favorable to the trial
court=s ruling,
we find that the trial court=s
ruling on Appellant=s motion
to suppress is supported by the record. 
Issue Three is therefore overruled.

In Issue Four,
Appellant challenges the legal and factual sufficiency of the evidence to
support a conviction of sexual performance by a child, specifically, the lack
of evidence of lewd exhibition of a child=s genitals.  








In reviewing the
legal sufficiency of the evidence to support a criminal conviction, we must
consider whether, in reviewing all of the evidence in the light most favorable
to the verdict, any rational trier of fact could have
found the essential elements of that offense proven beyond a reasonable
doubt.  Garay
v. State, 954 S.W.2d 59, 66 (Tex.App.--San
Antonio 1997, pet. ref=d),
citing Jackson v. Virginia, 443 U.S. 307, 99 S.Ct.
2781, 61 L.Ed.2d 560 (1979).  The jurors
are empowered to Adraw reasonable
inferences from basic facts to ultimate facts.@  Garay, 954
S.W.2d at 66, citing Kapuscinski v.
State. 878 S.W.2d 248, 249 (Tex.App.--San
Antonio 1994, pet. ref=d).  The jury, as the trier
of fact, assesses the credibility of witnesses and the weight to be given to
their testimony.  Garay, 954 S.W.2d at 66, citing
Chambers v. State, 805 S.W.2d 459, 461 (Tex.Crim.App.
1991).

The standard of
review for an appellate court in deciding a challenge to the factual
sufficiency of evidence is whether, after looking at all the evidence, the
verdict is Aagainst
the great weight of the evidence presented at trial so as to be clearly wrong
and unjust.@  Garay, 954 S.W.2d at 66, citing Clewis
v. State, 922 S.W.2d 126, 135 (Tex.Crim.App.
1996).  The evidence is not viewed
in the light most favorable to the verdict. 
Clewis, 922 S.W.2d at
129.  In conducting a factual
sufficiency review, the reviewing court cannot substitute its conclusions for
those of the jury.  Davila
v. State, 930 S.W.2d 641, 647 (Tex.App.--El Paso
1996, pet. ref=d).  The appellate court must detail the evidence
when finding that it is greatly contrary to the verdict.  Garay, 954 S.W.2d at 66.








A person commits
an offense of sexual performance by a child Aif,
knowing the character and content thereof, he employs, authorizes, or induces a
child younger than 18 years of age to engage in sexual conduct or a sexual
performance.@  Tex.Pen.Code
Ann. ' 43.25(b)(Vernon Supp. 2004). 
ASexual
performance@ means
any performance or part thereof that includes sexual conduct by a child younger
than 18 years of age.  Tex.Pen.Code Ann. '
43.25(a)(1).  ASexual conduct@
means sexual contact, actual or simulated sexual intercourse, deviate sexual
intercourse, sexual bestiality, masturbation, sado-masochistic
abuse, or lewd exhibition of the genitals, the anus, or any portion of the
female breast below the top of the areola.@  Tex.Pen.Code
Ann. ' 43.25(a)(2).  The word lewd
exhibition is not defined by the Texas Penal Code '
43.25(a)(2). 
Words that are not statutorily defined are to be given their common,
ordinarily, or usual meaning.  Roise v. State, 7 S.W.3d 225, 242 (Tex.App.--Austin 1999, pet. ref=d),
cert. denied, 531 U.S. 895, 121 S.Ct. 225, 148
L.Ed.2d 160 (2000).  Jurors are presumed
to know and apply such common and ordinary meanings.  Id. at 242.

While we have
found no Texas case law on point, other appellate courts have relied on federal
law to provide guidance as to how to define lewd exhibition.  See Alexander v. State, 906 S.W.2d 107, 109-11 (Tex.App.--Dallas
1995, no pet.).  The federal statute
provides punishment for Aany
person who employs, uses, persuades, induces, entices, or coerces any minor to
engage in . . . sexually explicit conduct . . . .@  See 18 U.S.C.A. ' 2251 (West 2000).  Under federal law, Asexually
explicit conduct@ includes
Alascivious exhibition of the genitals.@ 
18 U.S.C.A. ' 2256(2)(E).  Although this
term varies from the phrase at issue in this case, we note that the federal
statute previously defined Asexually
explicit conduct@ to
include a Alewd
exhibition of genital.@  Alexander, 906
S.W.2d at 110.








Under federal
statute, to determine whether a visual depiction of a child constitutes a lewd
or lascivious exhibition of genitals, federal courts consider whether:  (1) the focal point of the visual depiction
is the child=s
genitalia; (2) the place or pose of the child in the photograph is sexually
suggestive; (3) the chid is depicted in an unnatural
pose or inappropriate attire; (4) the child is fully or partially clothed or
nude; (5) the visual depiction suggests sexual coyness or a willingness to
engage in sexual activity; and (6) the visual depiction is intended or designed
to elicit as sexual response in the viewer. 
Alexander, 906 S.W.2d at 110, citing U.S. v. Dost,
636 F.Supp. 828, 832 (S.D.Cal.
1986), aff=d,
812 F.2d 1239 (9th Cir.), cert. denied, 484 U.S. 856, 108 S.Ct. 164, 98 L.Ed.2d 118 (1987).

Federal case law
has also provided guidance for the Texas courts in defining the term lewd
exhibition of the genitals.  See
Alexander, 906 S.W.2d at 109-11.  Accordingly, when a child is the subject of a
photograph, lewdness is not to be considered as a characteristic of the child,
but rather a characteristic of the photograph itself.  Alexander, 906
S.W.2d at 110.  Whether the
content of a photograph constitutes a lewd or lascivious exhibition of a child=s
genitals depends on the intent of the photographer.  Id.

Appellant argues
that the photographs in this case show the complainant nude and that alone does
not constitute lewd exhibition of the genitals. 
In addition, Appellant contends that the State failed to provide
testimony indicating that the pictures were intended to be sexual in
nature.  We disagree.








The photographs of
the fourteen-year-old complainant were found in Appellant=s home. 
The photographs show the victim fully nude with her breasts and genitals
exposed.  The complainant testified that
when Appellant took the pictures of her, he told her how to lay and move.  At trial, Appellant=s
attorney attempted to show that the complainant had taken the nude photographs
herself for the purpose of sending them to another individual, not for the
Appellant.  During the cross-examination
of the complainant, Appellant=s
attorney asked a series of questions in order to establish that the complainant
took the pictures on her own.  The
complainant denied taking the pictures on her own and stated that she did not
know how to operate the equipment.  The
jury in applying weight to this evidence could have found that complainant did
not take pictures.  While the Appellant
did not testify to taking the photos in question, the jury could have found
that the Appellant took the pictures based on the other testimony presented at
trial.  In viewing the evidence in the
light most favorable to the State, we find that the evidence was legally
sufficient to sustain the jury=s
conviction of sexual performance of a child. 
We also find that the verdict was not so
contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. 

We conclude that
this evidence, when taken together, is legally and factually sufficient to
support a conviction of sexual performance with a child.  A rational trier of
fact could find beyond a reasonable doubt that Appellant intended to engage in
sexual performance of a child, namely lewd exhibition of a
child=s
genitals.  See Garay, 954 S.W.2d at 66.  We therefore overrule Issue Four.

Accordingly, we
affirm the trial court=s
judgment.

 

 

 

February
12, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.

 

(Do Not Publish)











[1]
Innocent Images is a task force composed of local, state, and federal agencies
that focuses on individuals committing crimes of sexual exploitation of
children over the internet.  Undercover
agents pose as young girls over the internet to investigate individuals
engaging in conversations of sexual content with minors, sending child
pornography, and traveling interstate to have sex with underage individuals.





[2]
The agents involved in the search of Appellant=s
home included FBI agents, U.S. Customs agents, INS agents, officers from the
Sheriff=s
Department, El Paso Police Department, and officers of the Texas Department of
Public Safety.