# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00345-CR

**Wesley Schaefer, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
NO. CR-10-0489, HONORABLE GARY L. STEEL, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Wesley Schaefer was indicted on one count of continuous sexual abuse of a child or children under fourteen years of age and 127 counts of possession of child pornography. *See* Tex. Penal Code §§ 21.02, 43.26. The charges arose after Schaefer's girlfriend discovered hundreds of nude images of children on his computer, including photographs and videos taken on Schaefer's cell phone of his girlfriend's six-year old daughter, seven-year old niece, and seven-year old nephew and other unidentified children. Schaefer pleaded not guilty to the count of continuous sexual abuse but pleaded guilty to all of the remaining child pornography charges. A jury convicted him of all counts. The jury then assessed his punishment at life imprisonment for the continuous sexual abuse of a child count and ten years' imprisonment for each count of child pornography. The trial court's judgments of conviction ordered that the life-imprisonment sentence and ten of the ten-year sentences for child pornography run consecutively, with the remaining child pornography sentences to run concurrently.

In two issues, Schaefer contends: (1) that the evidence is insufficient to support his conviction for continuous sexual abuse of a child and (2) that the trial court's cumulation order is insufficient to cause consecutive sentencing. The parties are familiar with the facts, procedural history, and applicable standards of review. Accordingly, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.4. We will affirm the trial court's judgment.

## SUFFICIENCY OF THE EVIDENCE

A person commits the offense of continuous sexual abuse of a young child if, during a period that is thirty days or more in duration, the person commits two or more acts of sexual abuse against a child younger than fourteen years of age—regardless of whether the acts of sexual abuse are committed against one or more victims. Tex. Penal Code § 21.02(b). Under the statute, an act of sexual abuse is defined as including, among other acts, a sexual performance by a child under Penal Code section 43.25. *Id*. § 21.02(c)(6). Here, the indictment alleged that Schaefer committed the offense of continuous sexual abuse of a child by committing multiple offenses of sexual performance by a child. A person commits the offense of sexual performance by a child "if knowing the character and content thereof, he employs, authorizes, or induces a child . . . to engage in sexual conduct or a sexual performance." *Id.* § 43.25(b). Specifically, the indictment alleged that—over the course of several months—he committed multiple offenses of sexual performance by a child by inducing his girlfriend's youngest daughter, her nephew, and/or an unknown child to engage in multiple instances of sexual conduct by a lewd exhibition of the genitals or masturbation.

2

In his first issue on appeal, Schaefer contends there is insufficient evidence to support his conviction because the State failed to prove that he induced the children to engage in the sexual performances he recorded. Schaefer does not contest that he shot the photographs and videotapes at issue in this case or that they depict a lewd exhibition of the children's genitals or masturbation. Rather, his sole argument is that he was taking "advantage of a situation which he did not curtail," and therefore, there is no evidence of inducement. We disagree.

The evidence at trial consisted of multiple photographs and videos of nude children taken on Schaefer's cell phone and downloaded to his personal computer. The photos and videos were taken over the course of several months. Schaefer's girlfriend identified three of the children in the photographs and videos as her youngest daughter—age six years old, her niece—age seven years old, and her nephew—age seven years old. In some photographs, witnesses were not able to identify the children because the images were only of the children's genitalia. Witnesses, including the State's forensic investigator, testified that all of the children appeared to be younger than fourteen. The forensic computer investigator further testified that the images were almost "identical in content and character" to other pornographic images of children that Schaefer had downloaded to his computer from the Internet. The majority of the photographs depicted the children in the bathtub, including a photo of a nude girl in the bathtub with her legs spread and pushing her genitals against the stream of water falling from the tub faucet. Several of the photos depict the girls' vaginal areas, and in some of these photos the girls' legs are spread to such a degree that the inside of the children's vaginal openings are exhibited. The State also introduced similar photos that Schaefer had hidden in his sock drawer depicting his own daughter nude, at the age of six, smiling at the

3

camera while standing in the tub with one foot on the sill of the tub exhibiting her genitals.[1] Several witnesses, including family members and police investigators, testified that the images appeared posed.

In addition to the photos, the State introduced two videos that had been taken on Schaefer's cell phone and downloaded to his computer. The first video depicts the girlfriend's youngest daughter lying naked on Schaefer's bed. The child is lying on her back looking into the camera and has her legs pulled back behind her elbows and is clutching her feet, fully exhibiting her vaginal opening and anus. While she is lying there, the child is doing different repetitive butterfly movements with her legs and is counting each movement. She is also looking at and asking the person off camera questions. At one point, the child asks whether the person off camera is filming her. A man responds, "No, I'm texting." The child answers, "You're lying to me." A witness identified Schaefer's voice on the tape. A police investigator testified that the child was "obviously responding to something somebody was saying or had told her" based on the unnatural position that she is lying in, her repetition, and her seeking approval from the person off camera. The child's mother testified that the contents of the video were "unusual for her household." In the second video, the same child is lying on her stomach naked on Schaefer's bed again and her genitals are exhibited from behind. An arm can be seen attempting to reposition the child's legs. A witness also identified Schaefer's voice in this video.

---

[1] The Legislature created the offense of continuous sexual abuse of a child in 2007. *See* Tex. Penal Code § 21.02 (effective September 1, 2007). The photos of the Appellant's daughter were taken prior to the creation of the charged offense but were offered to show intent, plan, motive, and opportunity. *See* Tex. R. Evid. 404(b).

None of the complainants identified in the photos or videos testified at trial. The girlfriend's two older daughters did testify as to their experiences and observations living with Schaefer. The girls testified that their mother had three young daughters when she moved in with Schaefer, including them and their youngest sister who is depicted in the videos and many photos. Schaefer also had three young daughters living with him. In addition to the six young girls living in the house, many young cousins frequently visited—two of whom were identified in the photographs. The girls further testified that their mother worked two jobs and was frequently absent from the home. While their mother was gone, she entrusted Schaefer with caring for her daughters and the children had "to abide by his rules" because he was "the boss." When they were home alone with Schaefer, the girls testified that he would select one child to have "movie time" with him in his room. The girls testified that he rarely had "movie time" with the older girls but would spend hours with the younger girls in the house alone in his room with the door locked and would instruct the other children to not disturb them. The girls further testified that their youngest sister started having frequent pain in her vaginal area after they moved in with Schaefer and that he would spend hours with her alone in his room "to check her private" for infection.

With regard to bath time, the girls testified that Schaefer would enter the bathroom when the girls were bathing—purportedly to use the toilet—and would stay in the bathroom "almost the whole time" that they were in the tub and that this practice occurred "almost every single time" the girls took a bath. The second youngest daughter testified that she would bathe with the other girls with the shower curtain shut but that Schaefer would always strike up a conversation with them while he was on the toilet and would then open the shower curtain—telling them that the curtain

5

should be open "because it's was rude not to see who you're talking to." During bath time, the girls testified that Schaefer would always bring his cell phone with him into the bathroom and "was always doing something on his phone." The girls also testified that to their knowledge their youngest sister always bathed with another child, but in some of the photos taken on Schaefer's phone, she appears to be the only child in the bathroom.

The girls further testified that they noticed—shortly after moving in with Schaefer—their youngest sister had started to frequently walk around the house naked after bath time. One sister testified that Schaefer "didn't specifically ask us" to walk around the house nude, but testified that he would get "upset" with her for "telling [the younger girls] to get dressed." The other sister testified that when she told her youngest sister to wear clothes in the house, Schaefer "didn't agree . . . with me saying that she needs to go get dressed and . . . cannot walk around without clothes." She further testified that Schaefer's "argument" for why her sister should not wear clothes was that because she was "little," she "doesn't have anything to show . . . [and] doesn't have anything necessarily to be worried about walking around the house without anything on." The girls also testified that shortly after moving in with Schaefer they noticed a change in their youngest sister's demeanor as she became very jealous of Schaefer spending time with anyone else. She also became "protective" of him and would be "very vicious" toward her sisters when they asked any questions about her relationship with Schaefer.

Viewing the foregoing evidence in the light most favorable to the jury's verdict, we conclude that any rational trier of fact could have found that Schaefer induced—through his persuasion or influence—young children living and visiting in his home to engage in sexual conduct

6

by a lewd exhibition of their genitals. While the term "induce" is not defined by the Penal Code, courts have interpreted the term using its commonly understood meaning of "to move and lead by persuasion or influence" or "to persuade, prevail upon, or bring about." *See Bell v. State*, 326 S.W.3d 716, 720 (Tex. App.—Dallas 2010, pet. ref'd, untimely filed); *see also Dornbusch v. State*, 156 S.W.3d 859, 867 (Tex. App.—Corpus Christi 2005, pet. ref'd) (adopting common definition of "induce," which is "to move by persuasion or influence" or "to bring about by influence"); *Baker v. State*, No. 10-11-00449-CR, 2012 WL 5458474, at *10 (Tex. App.—Waco Nov. 8, 2012, no pet.) (mem. op., not designated for publication) (same); *Dorval v. State*, No. 03-03-00570-CR, 2004 WL 1685442, at*1 (Tex. App.—Austin July 29, 2004, no pet.) (mem. op., not designated for publication) (same). There is no requirement—either in the statute or the common understanding of the word—that inducement be verbal and explicit or that the defendant use force. *Dornbusch,* 156 S.W.3d at 867. Rather, there is sufficient evidence of inducement where a defendant uses his position of authority to create a situation in which a child is unable or afraid to refuse his sexual advances. *See id*.

Here, Schaefer contends in his brief there is no evidence of inducement because the sisters who did testify stated "that [he] did not persuade them to do anything and painted a picture of one who took advantage of a situation he did nothing to dispel." His argument, however, stands in direct contradiction to the sisters' actual testimony. The sisters testified that Schaefer was the "boss" at their home and intentionally and methodically used his authority to bring about situations where he could persuade or influence children living in the home to lewdly exhibit their genitals—including checking their sister's "private" for infection for hours behind a locked door,

7

discouraging the children from wearing clothing in the home, and purposely invading the privacy of their bath time. *See Dornbusch*, 156 S.W.3d at 868 (sufficient evidence of inducement where defendant used position of authority to create situation where minor was afraid or unable to refuse his sexual advances). Further, there was sufficient evidence for a rational trial of fact to conclude beyond a reasonable doubt that Schaefer persuaded, prevailed upon, or brought about the sexual conduct depicted in the photographs based on their sexual content, as well as the unnatural position of the children in some of the photographs, the multitude of victims, and the similarity of the photographs to the child pornography that Schaefer had downloaded from the Internet. *See Garay v. State*, 954 S.W.2d 59, 62 (Tex. App.—San Antonio 1997, pet. ref'd) (evidence sufficient to support conviction for sexual performance by child by inducement where defendant admitted taking close-up photograph of five-year old's genitalia while child had her legs spread and jury rejected defense that pictures were taken to document sexual abuse); *see also Garcia v. State*, 367 S.W.3d 683, 687 (Tex. Crim. App. 2012) (jury may draw reasonable inferences supported by evidence).

Moreover, there was direct evidence on the videotapes that Schaefer induced the filmed child to engage in sexual conduct. In one video, Schaefer was directly interacting with the nude child who was aware that she was being filmed while butterflying her legs and lewdly exhibiting her genitals. Further, there was sufficient evidence for the jury to infer that Schaefer had induced the lewd exhibition, as the child's mother testified that her daughter's behavior was "unusual" and the child is an unnatural position, appears to be counting her repetitive actions, and knows Schaefer is filming her. *Cf. Scott v. State*, 173 S.W.3d 856, 863 (Tex. App.—Texarkana

8

2005), *rev'd in part on other grounds*, 235 S.W.3d 255 (Tex. Crim. App. 2007) (no evidence defendant induced boys to masturbate in shower when there was no evidence defendant encouraged masturbation and boys were not aware they were being observed). In the other video, a hand attempts to move the child's legs to obtain a clearer view of the genitals. This evidence at trial directly refutes Schaefer's argument that he did not induce the children's behavior and was merely taking "advantage of a situation which he did not curtail." Based on the foregoing, we conclude that a rational trier of fact could have found that Schaefer induced these lewd exhibitions. We hold the evidence is sufficient to support the conviction and overrule Schaefer's first point of error.

## SENTENCING

The jury convicted Schaefer of one count of continuous sexual abuse of a child (Count I) and 127 counts of child pornography (Counts II–CXXVIII). The jury then assessed punishment at life imprisonment for the count of continuous sexual abuse and ten years' imprisonment for each count of child pornography. The State requested that the court order the sentences to run consecutively. The trial court agreed to stack the life sentence for Count I with the sentences for the counts of child pornography arising from the photographs taken on Schaefer's phone—Counts 72, 120, 121, 122, 123, 124, 125, 126, 127 and 128—but did not stack the sentences for the counts of child pornography that Schaefer had downloaded from the Internet. Below is the trial court's oral pronouncement at sentencing:

> Court:     I will stack 72, 120, 121, 122, 123, 124, 125, 126, 127 and 128. The intention of the Court is to stack those which came from the cell phone, which were pictures of children that he was to be in charge of.

9

Prosecutor:     So that's ten counts that the Court is stacking, total, by my count.

Court:          72, plus - - actually, I think it's - -it's Count I and then it's Count 72 and then it's 120 through 128.

Prosecutor:     Right.

Court:          So it's a total of ten counts:  Nine of the 10 years, one of life.  That is the ruling of the Court.

The trial court's written judgment provides:

> The following counts shall run consecutively:  Count I, Count 72, Count 120, Count 121, Count 122, Count 123, Count 124, Count 125, Count 126, Count 127, Count 128.  The rest of the counts are concurrent.  The Defendant is sentenced to life without parole, plus ten consecutive ten-year sentences.

Schaefer does not challenge the trial court's decision to stack the sentences.  Rather, he contends only that the oral pronouncement and the written judgment are "hopelessly ambiguous" as to which sentences are to be served consecutively and in what order they are to be served.  A defendant's sentence must be orally pronounced in his presence.  *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004).  The judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement.  *Id*.  When there is a conflict between the oral pronouncement of the sentence and the sentence in the written judgment, the oral pronouncement controls.  *Id*.  But if the oral pronouncement is merely ambiguous, the jury's punishment verdict, the court's pronouncement, and the written judgment should be read together in an effort to resolve the ambiguity.  *Aguilar v. State*, 202 S.W.3d 840, 843 (Tex. App.—Waco

2006, pet. ref'd). Moreover, the context of the court's utterances should be considered. *See Hill v. State*, 213 S.W.3d 533, 536 (Tex. App.—Texarkana 2007, no pet.).

Here, when the trial court's entire explanation is considered in context, it is clear the court intended that the ten 10-year sentences for Counts 72, 120, 121, 122, 123, 124, 125, 126, 127, and 128 would run consecutive to the life sentence. Thus, the trial court listed eleven total counts that it intended to run consecutively—the life sentence plus the ten 10-year sentences for child pornography. We note, however, that the trial court later stated that it intended to stack only "ten counts: Nine of the 10 years, one of life." To the extent there is any ambiguity as to whether the trial court intended to stack nine or ten of the ten-year child pornography sentences, it is clear that the parties understood that the trial court's intent was to stack *all* of the child pornography sentences from photos taken on Schaefer's cell phone. Further, this intent is memorialized in the written judgment, which provides that all ten of these sentences are to run consecutively.

Considering that the trial court announced its intent to stack the life sentence and all of the sentences from the child pornography taken on Schaefer's phone and that this intent is reflected in the written judgment, we conclude any potential ambiguity in the stacking order is resolved. "The content of the oral pronouncement makes clear that all understood the pronouncement to be what was ultimately incorporated into the written order." *See Hill*, 213 S.W.3d at 536–37. Accordingly, we overrule Schaefer's second issue on appeal.

## CONCLUSION

For the foregoing reasons, we affirm the judgments of conviction of the trial court.

11

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   July 10, 2014

Do Not Publish